UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CINDY ADAMS, individually and as Personal Representative to the Estate of JESSE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING; KYLE CORRIGAN, CHRISTOPHER STAUP, EDWARD MCGINNIS, and DOES 4 through 10,<br><br>Defendants. | No. 2:20-cv-01610-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendant City of Redding's ("Defendant") Motion to Dismiss.[1] (ECF No. 22.) Plaintiff Cindy Adams ("Plaintiff") opposed Defendant's motion. (ECF No. 23.) Defendant filed a Reply. (ECF No. 24.) For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss. (ECF No. 22.)

///

///

///

---

[1] Plaintiff alleges claims against multiple Defendants, but City of Redding is the only Defendant bringing the instant Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise from the death of Jesse Adams ("Decedent"). On December 22, 2019, Decedent was stopped by police while traveling through the City of Redding. (ECF No. 15 at 4.) During the traffic stop, Defendant Officer Corrigan asked Decedent for identification and instructed him to put his hands in plain sight. (*Id.*) Plaintiff alleges that Corrigan shattered Decedent's vehicle window and sprayed pepper spray or mace inside the vehicle. (*Id.*) This event caused Decedent to lose control of the vehicle and collide into a police vehicle blocking his path. (*Id.*) After the collision, Defendant Officer Staup allegedly discharged his firearm, instantly killing Decedent. (*Id.*)

Decedent's mother, on behalf of herself and Decedent's estate, filed the instant action on August 11, 2020. (ECF No. 1.) In the operative First Amended Complaint ("FAC"), Plaintiff asserts various federal and state claims, including two claims for *Monell* liability under 42 U.S.C. § 1983 ("§ 1983") (Claims Two and Five). (*See generally* ECF No. 15.) Defendant moves to dismiss Claims Two and Five for failure to state a claim. (ECF No. 22.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Moreover, it is inappropriate to assume the plaintiff "can prove facts that [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

///

///

3

### III. ANALYSIS

Claims Two and Five of the FAC are *Monell* claims asserted pursuant to § 1983. (ECF No. 15 at 5–11.) *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691–92 (1978). Plaintiff alleges Defendant violated Decedent's constitutional rights by "maintaining an unconstitutional custom and practice of using excessive force" (Claim Two) and "failing to adequately train its officers in the use of force" (Claim Five). (ECF No. 15 at 6–8, 10–11.) Defendant moves to dismiss these claims as "unsupported legal conclusions," arguing Plaintiff has "allege[d] no facts to support a *Monell* claim under any theory." (ECF No. 22-1 at 3–4.)

A local governmental entity is liable under § 1983 when an "action pursuant to official municipal policy of some nature causes a constitutional tort." *Monell*, 436 U.S. at 691. Alternatively, a local governmental entity may be held liable for a "longstanding practice or custom." *Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). Such circumstances may arise when, for instance, the public entity "fail[s] to implement procedural safeguards to prevent constitutional violations" or when it fails to adequately train its employees. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989). *Monell* claims "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174–75 (E.D. Cal. 2019) (policy or custom may be asserted in a general fashion, but complaint must "include[s] a sufficient quantum of factual material to plausibly suggest the existence of a policy or custom.").

To bring a *Monell* claim, Plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (quoting *Oviatt*, 954 F.2d at 1474; *City of Canton*, 489 U.S. at 389–91). There must also be a "direct

causal link" between the policy or custom and the injury. *Id.* (citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000)). "Absent a formal governmental policy, [Plaintiff] must show a "longstanding practice or custom" that essentially constitutes a "standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled city policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotations and citations omitted). Thus, a single incident will typically not suffice to demonstrate existence of a policy. *McDade*, 223 F.3d at 1141.

A failure to train or supervise can also amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 389. The Ninth Circuit specifically addressed the circumstances under which a *Monell* failure to train claim could be asserted:

> The first is a deficient training program, intended to apply over time to multiple employees. The continued adherence by policymakers to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action — the "deliberate indifference" — necessary to trigger municipal liability. Further, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the "moving force" behind the plaintiff's injury.

*Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing *Bd. of Cty. Comm'rs of Byran Cty. v. Brown*, 520 U.S. 397, 407–08 (1997)).

Here, despite Plaintiff's claims that Defendant maintained "an unconstitutional custom and practice of using excessive force" (ECF No. 15 at 7 (Claim Two)), Plaintiff does not describe or identify any formal, official policy that was either wrongful or wrongfully ignored by the police officers. (*See generally id.*); *see also Monell*, 436 U.S. at 691. Further, with respect to both *Monell* claims (Claims Two and Five), Plaintiff asserts no allegations suggesting Plaintiff's case amounts to something more than a "single occurrence of unconstitutional action by a non-policymaking employee." (*See generally* ECF No. 15); *see also McDade*, 223 F.3d at 1141.

Rather, Plaintiff's claims appear to be based on the one alleged incident that occurred on December 22, 2019. (*See generally* ECF No. 15); *see also Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom). Without more — such as identifying an actual custom, policy, or practice of the City of Redding, or including past incidents of excessive force — Plaintiff fails to demonstrate how the alleged injury resulted from a "permanent and well settled practice." *Trevino*, 99 F.3d at 918.

Similarly, Plaintiff neglects to allege sufficient facts to connect the Defendant Officers' actions to any policy or "possible inadequate training or supervision." *Anderson*, 451 F.3d at 1070. Therefore, the Court cannot discern any "direct causal link" between the alleged policy and Plaintiff's purported deprivation. *City of Canton*, 489 U.S. at 388. Accordingly, Plaintiff fails to show the existence of a policy (or deficiencies in training amounting to a policy) reflecting "deliberate indifference to the rights of persons with whom the police come into contact." *See id.*

Lastly, Plaintiff seemingly concedes the inadequacy of the *Monell* claims by requesting leave to amend in order to add further factual allegations against Defendant, such as prior instances of alleged misconduct by the City of Redding and the Redding Police Department. (ECF No. 23 at 7–8.) For these reasons, the Court concludes Plaintiff's allegations are insufficient to state a *Monell* claim. Nevertheless, the Court finds Plaintiff may cure the identified defects through amendment. Thus, leave to amend is warranted. *Lopez*, 203 F.3d at 1130.

///
///
///
///
///
///

### IV. CONCLUSION

The Court hereby GRANTS Defendant's Motion to Dismiss Claims Two and Five of the First Amended Complaint with leave to amend. (ECF No. 22.) Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing of this Order. Defendants shall file a responsive pleading pursuant to the Federal Rules of Civil Procedure and Local Rules.

IT IS SO ORDERED.

DATED: May 17, 2021

Troy L. Nunley
United States District Judge