DERICK E. KONZ, ESQ., SBN 286902
   Email: dkonz@akk-law.com
GÖKALP Y. GÜRER, ESQ., SBN 311919
   Email: ggurer@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendant CITY OF REDDING, CHRISTOPHER STAUP, EDWARD McGINNIS, and KYLE CORRIGAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-01610-TLN-DMC<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF REDDING'S MOTION TO DISMISS**<br><br>**DATE:** September 2, 2021<br>**TIME:** 2:00 p.m.<br>**CRTRM:** 2, 15th Floor<br><br>**Hon. Troy L. Nunley** |

---

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF REDDING'S MOTION TO DISMISS

## I. INTRODUCTION

With this motion, the City of Redding attacked the facial validity of Plaintiff's two *Monell* claims (counts two and five). In opposition, Plaintiff did not reference any of the City policies and training materials produced in discovery, and presented no authority that a use of force policy mirroring the standard in *Graham v. Connor* is unconstitutional or that a broad characterization of past "excessive force" lawsuits is sufficient to show custom/practice under *Trevino v. Gates*. The City thus respectfully requests the two *Monell* claims be dismissed without leave to amend.

## II. ARGUMENT

### A. FURTHER AMENDMENT WOULD BE FUTILE BECAUSE THE CITY PRODUCED POLICIES AND TRAINING MATERIAL YET PLAINTIFF HAS NOT REFERENCED ANY OF IT IN OPPOSITION

Attached to Plaintiff's opposition are the City's objections/responses to interrogatories (ECF No. 31-1) and requests for production (ECF No. 31-2). The City served the objections/responses and produced policies and training material on July 19, and despite having this material for a month, Plaintiff has not referenced any of it in her opposition brief to suggest she could allege anything further by amendment. This omission warrants dismissal without leave to amend. See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010) (explaining that dismissal without leave to amend is proper when amendment would be futile).

Further, Plaintiff's omission cuts against her argument that discovery is not only helpful—but necessary—in order to adequately plead *Monell*. (Plaintiff's opposition brief "Opp.", ECF No. 31, p. 5, lines 17-21.)[1] ("It is disingenuous for the City to argue that Plaintiff has failed to provide sufficient facts in her pleadings when the City is the sole party in possession of the detail it argues Plaintiff must include to state a claim. By its Motion, the City attempts to render discovery meaningless and hold Plaintiff to a summary judgment standard at the pleadings stage.") To make this argument, Plaintiff relies primarily on *Estate of Osuna v. Cty. of Stanislaus*, 392 F.Supp.3d 1162, 1174 (E.D. Cal. June 25, 2019) ("It is a rare plaintiff who will

---

[1] Citations to page numbers in Plaintiff's opposition brief refer to the clerk's pagination.

1  have access to the precise contours of a policy or custom prior to having engaged in discovery,
2  and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in
3  educated guesswork."). The City does not disagree with the statement in *Osuna* because
4  discovery *would* reveal the "precise contours" and details of City policies and training materials.
5  However, facts are still required at the pleading stage in order to access discovery. *Via v. City of*
6  *Fairfield*, 833 F.Supp.2d 1189, 1196 (E.D. Cal. June 13, 2011) ("Although plaintiff may benefit
7  from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient
8  to 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'
9  [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. Accordingly, given the insufficiency of plaintiff's
10 conclusory allegations, the court will grant defendants' motion to dismiss plaintiff's *Monell*
11 claim.") And in any event, the City *has* provided the material that Plaintiff argues is necessary to
12 plead her case, but Plaintiff *still* cannot state a claim even with the material in her possession.

13      Moreover, Plaintiff couches the discovery objections as a City attempt "to use its claims
14 of confidentiality over its investigations and boilerplate objections as a sword to prevent
15 litigation pertaining to its unconstitutional policies, practices and customs and its training
16 programs", and "to conceal detailed discovery of municipal liability." (Opp., p. 5, lines 22-24, p.
17 11, lines 6-7.) It thus seems Plaintiff is trying to use the objections to establish the existence of
18 hidden policies within the Redding Police Department. However, not only are objections not
19 evidence, but the objections are neither attached to nor mentioned in the Second Amended
20 Complaint and thus should not be considered in ruling on this motion. *Hal Roach Studios, Inc. v.*
21 *Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) ("Generally, a district
22 court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.");
23 see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("While
24 evidence outside the complaint indicates that Officers Stone and Barnes interviewed additional
25 witnesses, such extraneous evidence should not be considered in ruling on a motion to dismiss.")
26 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by
27 *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).
28 ///

**B.  PLAINTIFF IGNORES THE FACT THAT POLICY NO. 300 TRACKS AND MIRRORS THE *GRAHAM V. CONNOR* REASONABLENESS STANDARD, WHICH IS ALL THAT IS REQUIRED TO SHOW FACIAL CONSTITUTIONALITY**

Turning to the alleged deficiencies with Redding Police Department Policy No. 300 ("Use of Force"), Plaintiff argues, "Defendants attempt to misconstrue Plaintiff's allegations by framing the arguments around only broad issues of 'reasonableness' within the RPD Policy Manual." (Opp., p. 13, lines 15-17.) The "broad issue[] of 'reasonableness', however, is the standard for analyzing excessive force claims as articulated by the U.S. Supreme Court in *Graham v. Connor* 490 U.S. 386 (1989). Therefore, the focus must be on whether or not the City policy authorizes unreasonable force. See *Brown v. County of Kern,* 2008 WL 544565, at *14 (E.D. Cal. Feb. 26, 2008) ("The Kern County Sheriff's Department policy on Use of Force which specifically states excessive force is prohibited and only reasonable force is permitted, and which is based on the *Graham* decision, is not unlawful or unconstitutional per se.").

Plaintiff then argues *Velarde v. Union City Police Department*, 2015 WL 6871579, at *6 (N.D. Cal. Nov. 9, 2015) is inapplicable because *Velarde* involved the application of less than deadly force. (Opp., pgs. 13-14.) Plaintiff fails to explain the materiality of this distinction. Moreover, *Velarde* supports the City's argument because the court in *Velarde* held that allegations that a policy permits too much officer discretion—which is what Plaintiff alleges—is immaterial so long as the policy is "in step with the law of this circuit." *Velarde, supra*, 2015 WL at *6. The law of this circuit is *Graham*, and Policy No. 300 tracks and mirrors *Graham*. Plaintiff cites no case that Policy No. 300—which is identical or near-identical to the policy provided by Lexipol, and thus likely used by numerous law enforcement agencies nationwide—is unconstitutional. In fact, if it were, this would mean that every law enforcement agency utilizing this or a similar policy is violating *Monell*.

Therefore, because Policy No. 300 is constitutional on its face it cannot form the basis for *Monell* liability.

///

///

///

### C. THE ONLY SIMILARITY AMONG THE SEVEN PRIOR LAWSUITS IS THEY ALLEGE EXCESSIVE FORCE, WHICH THE EASTERN DISTRICT HAS HELD IS TOO BROAD A CHARACTERIZATION TO SHOW CUSTOM/PRACTICE UNDER *TREVINO V. GATES*

When alleging prior incidents the rule is this: "Absent a formal governmental policy, [a plaintiff] must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity' ... so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.' [internal citation omitted] Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

To satisfy *Trevino*, Plaintiff must identify incidents similar in nature to her allegations. See, e.g., *Becker v. Sherman*, 2017 WL 6316836, at *9 (E.D. Cal. Dec. 11, 2017) ("four assaults related to [Plaintiff's] housing assignment and status as a transgender inmate between August 2014 and June 2017" where "CDCR officials repeatedly tried to double-cell her or transfer her after assaults" was found to be of "sufficient duration, frequency, and consistency"); *Gonzalez v. County of Merced*, 289 F.Supp.3d 1094, 1101 (E.D. Cal. Dec. 7, 2017) (complaints by three employees of sexual misconduct by the same male employee that were ignored by management found sufficient).

Plaintiff does not deny (nor could she) that *Trevino* is the standard for alleging longstanding custom/practice, but claims the seven prior lawsuits show custom/practice because they involve "excessive force" claims. (Opp., pgs. 15-17.) However, the Eastern District has held that such a broad characterization of "excessive force" is not enough. See, e.g., *Green v. County of Sacramento*, 2016 WL 374561, at *14 (E.D. Cal. Feb. 1, 2016) ("Plaintiffs do not establish that Defendant Officers inflicted an injury, but that aside, this single argument does not support a policy or custom on the part of Sacramento County that constitutes *Monell* liability. For example, Plaintiffs do not identify other incidents involving a felony vehicle stop that impeded access to medical care.").

///

///

Nor does Plaintiff address the gap between 2014 and 2018 where no alleged violations occurred. See *Estate of Mendez v. City of Ceres*, 390 F.Supp.3d 1189, 1208-11 (E.D. Cal. June 28, 2019) (Plaintiff cited cases from 1998 (one), 2003 (one), 2004 (one), 2008 (two), 2013 (one), 2016 (two), and 2018 (two), to which the Court opined, "[a]gedness alone is not problematic, so long as the aged cases fall into a pattern of sufficient duration, frequency, and consistency. But here, the Court is skeptical that the cases do fall into such a pattern. There is a gap of five years between the oldest cases and the 2013 case, and three years between the 2013 case and the 2016 pending/prior cases. The gaps in isolation may or may not be problematic, but taken together, the two gaps do present a deficiency, at least as currently pled, because they suggest a single incident in eight years' time.").

Further, there have likely been many use of force incidents over eight years in Redding, and it would be contrary to *Trevino* to claim that just a handful of excessive force lawsuits over that time span—bearing no meaningful similarity to one another or this lawsuit—constitutes a longstanding custom or practice. See *Gregoire v. County of Sacramento*, 2016 WL 304614, at *7-8 (E.D. Cal. Jan. 26, 2016) ("In sum, the report contains ten incidents over a four year span. Although the number of canine responses over this time frame has not been provided to this Court, it is safe to assume that canine teams respond to incidents fairly frequently. Thus, ten incidents over four years seem to be a pretty low incident percentage rate. Furthermore, these incidents do not involve similar fact patterns that would give rise to a specific custom.").

All of Plaintiff's allegations—those that are conclusory, claimed policy deficiencies, or prior lawsuits—are therefore inadequate to state a *Monell* claim.

### III. CONCLUSION

Plaintiff's *Monell* allegations concern a single event: the shooting death of Jesse Adams on December 22, 2019. In an attempt to use these allegations to state a *Monell* violation, Plaintiff couched her allegations as separate policies or customs/practices maintained by the City. In other words, Plaintiff took each of her primary allegations and attached the "*Monell*" label to them in an attempt to direct liability to the City. Plaintiff has also attempted to show deficiencies with the City's use of force policy and cited prior lawsuits, but the policy is constitutional on its face and

the lawsuits bear no meaningful similarity to one another or the incident here.

Plaintiff has now had two opportunities to plead *Monell* and has both times failed to allege sufficient facts to state a claim, even with City policies and training material in her possession. The City therefore respectfully requests the two *Monell* claims be dismissed without leave to amend.

Dated:  August 26, 2021                                    ANGELO, KILDAY & KILDUFF, LLP

                                                       */s/ Gökalp Y. Gürer*
By:_____
    DERICK E. KONZ
    GÖKALP Y. GÜRER
    Attorneys for Defendants