UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ADAMS, individually and as Personal Representative to the Estate of JESSE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING; KYLE CORRIGAN, CHRISTOPHER STAUP, EDWARD MCGINNIS, and DOES 4 through 10,<br><br>Defendants. | No. 2:20-cv-01610-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendant City of Redding's ("Defendant") Motion to Dismiss.[1] (ECF No. 30.) Plaintiff Cindy Adams ("Plaintiff") filed an opposition (ECF No. 31), and Defendant replied (ECF No. 33). For the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss.

///

///

///

---

[1] Plaintiff alleges claims against multiple defendants, but only Defendant City of Redding brings the instant motion to dismiss. However, the Court notes the other named defendants have not filed a responsive pleading to Plaintiff's second amended complaint.

1

## I. Factual and Procedural Background

Plaintiff's claims arise from the death of Jesse Adams ("Mr. Adams"). (ECF No. 28.) On December 22, 2019, Mr. Adams was stopped by police while driving through the City of Redding. (*Id.* at 4.) During the traffic stop, Defendant Kyle Corrigan allegedly asked Mr. Adams for identification and instructed him to put his hands in plain sight. (*See id.*) Plaintiff alleges that despite Mr. Adams's compliance with the instructions, Defendant Kyle Corrigan shattered Mr. Adams's vehicle window and sprayed pepper spray or mace inside the vehicle. (*Id.*) This allegedly caused Mr. Adams to lose control of the vehicle and collide into a police vehicle blocking his path. (*Id.* at 4–5.) After the collision, Defendant Christopher Staup allegedly discharged his firearm, instantly killing Mr. Adams. (*Id.* at 5.)

Plaintiff, on behalf of herself and Mr. Adams's estate, filed the instant action on August 11, 2020. (ECF No. 1.) Plaintiff filed the operative Second Amended Complaint ("SAC") on June 16, 2021, alleging various federal and state claims, including two claims for *Monell* liability under 42 U.S.C. § 1983 ("§ 1983"). (ECF No. 28.) Plaintiff's second claim alleges *Monell* liability for unconstitutional custom, policy, or practice and Plaintiff's fifth claim alleges *Monell* liability for failure to train. (*Id.* at 6, 18.) Defendant moves to dismiss Plaintiff's second and fifth claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 30.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680

3

1 (internal quotations omitted).

2     In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

    Defendant moves to dismiss Plaintiff's second and fifth claims on the basis the factual allegations are conclusory, do not rise to a constitutional violation, or do not show a longstanding custom or practice. (ECF No. 30 at 2.)

    The Court proceeds by addressing the standard for *Monell* liability before determining whether the SAC states a claim regarding its second and fifth claims.

    A. <u>Legal Standard for *Monell* Liability</u>

    A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). However, a municipal entity can be liable in a § 1983 case premised on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure

of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Additionally, a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

B.     Claim Two: Municipal Liability for Unconstitutional Custom/Policy/Practice

Plaintiff's SAC alleges there is a longstanding custom of failing to enforce the policies in the Redding Police Department Policy Manual and she alleges Defendant's officers failed to adhere to twenty department policies because such policies are deficient or not enforced by Defendant. (ECF No. 28 at ¶ 30.) Plaintiff further alleges there are twenty-two policies omitted from the Redding Police Department Policy Manual that should have been included. (*Id.* at ¶ 31.) Finally, Plaintiff cites to seven prior lawsuits against Defendant to show a longstanding custom or practice of using excessive force against individuals who pose no immediate threat of death or serious bodily injury. (*See id.* at ¶ 32.)

Where the plaintiff seeks to establish a *Monell* claim based on a longstanding custom, he must prove that: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a longstanding custom which amounted to a policy; (3) the custom amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the custom is the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino*, 99 F.3d at 918 (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be

1 founded upon practices of sufficient duration, frequency and consistency that the conduct has
2 become a traditional method of carrying out policy." *Id.*

3 Defendant argues the allegations of customs and policies are conclusory. (ECF No. 30-1
4 at 9–11.) This Court disagrees with Defendant. The allegations are not, as Defendant claims,
5 "boilerplate conclusions" regarding excessive force. (*See id.* at 11.) Plaintiff has alleged specific
6 policies of Defendant — the rules and performance procedures of the Redding Police Department
7 Policy Manual — that were allegedly wrongfully ignored by Defendant's officers in the incident
8 involving Mr. Adams. (*See* ECF No. 28 at ¶ 30.) Because Plaintiff's allegations concern specific
9 policies in the Redding Police Department Policy Manual that Defendant's officers did not
10 follow, the allegations are more detailed than in cases where the policy allegations were too
11 insufficiently detailed. *See Garcia v. Cnty. of Napa*, No. 21-cv-03519-HSG, 2022 WL 110650, at
12 *6 (N.D. Cal. Jan. 12, 2022); *see also Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 931 (E.D.
13 Cal. 2015) (holding that a list of specific policies was sufficient to state a *Monell* claim and
14 "g[a]ve [the defendant] fair notice to enable it to defend itself"). Thus, the Court finds the SAC
15 "contain[s] sufficient factual allegations to plausibly suggest a . . . custom." *Est. of Osuna v.*
16 *Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019).

17 As indicated, Plaintiff must also show the alleged custom is longstanding, which Plaintiff
18 attempts to do by alleging seven prior incidents involving Defendant's officers that led to
19 lawsuits.[2] (ECF No. 28 at ¶ 32.) Defendant argues the prior incidents are too few and dissimilar
20 to the instant case to show a longstanding custom.[3] (*See* ECF No. 30-1 at 18.) In opposition,
21 Plaintiff argues that through the prior incidents Defendant has a custom and practice of: (1) using
22 excessive force against individuals who pose no immediate threat of death or serious bodily

---

[2] The Court notes Defendant has indicated one of the prior lawsuits was ultimately adjudicated in the defendants' favor, and Plaintiff does not dispute this. (*See* ECF No. 30-1 at 18; ECF No. 31.) Thus, the Court does not consider that prior lawsuit, *Frazier v. Redding Police Dept.*, No. 2:11-cv-01351-AC, when evaluating Plaintiff's allegations.

[3] Defendant requests the Court take judicial notice of the dockets and papers of the prior lawsuits. (ECF No. 30-2.) Because judicial notice of the prior lawsuits would not alter the Court's ruling on the motion to dismiss *infra*, the Court DENIES Defendant's request as unnecessary.

injury; (2) shooting these types of individuals or using force so great that results in their death or bodily injury; and (3) failing to discipline or retrain these officers as a result of their actions. (ECF No. 31 at 16–17.)

The six prior incidents all led to lawsuits being filed over the span of six years. (*See* ECF No. 28 at ¶ 32.) The incidents generally involve allegations of excessive force, with some of the incidents involving deadly force. (*See id.*) Although Defendant argues the lawsuits are insufficient because they are composed of allegations and no finding of liability (ECF No. 30-1 at 17–18), "[p]rior incidents involving lawsuits alone, even those which do not result in a finding or admission of wrongdoing, can be sufficient for *Monell* liability purposes in the face of a motion to dismiss."[4] *Bagos v. Vallejo*, No. 2:20-cv-00185-KJM-AC, 2020 WL 6043949, at *5 (E.D. Cal. Oct. 13, 2020); *see also McCoy v. City of Vallejo*, No. 2:19-cv-001191-JAM-CKD, 2020 WL 374356, at *3 (E.D. Cal. Jan. 23, 2020).

Turning to Defendant's argument that the prior incidents are too sporadic, the Court acknowledges "[t]he line between 'isolated or sporadic incidents' and 'persistent and widespread conduct' is not clearly delineated." *Warkentine v. Soria*, No. 1:13-cv-01550-LJO-MJS, 2014 WL 2093656, at *6 (E.D. Cal. May 19, 2014). The six prior incidents led to cases being filed between 2013 and 2019, and more specifically, 2013 (one case), 2014 (three cases), 2015 (one case), 2019 (one case). (ECF No. 28 at ¶ 32.) The Court observes a gap of four years between the most recent case and the second most recent case. However, this gap in time is not as significant as the gaps in another case where the *Monell* allegations were found insufficient. *See Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1209 (E.D. Cal. 2019); *see also Lemus v. Cnty. of Merced*, No. 1:15-cv-00359-MCE-EPG, 2016 WL 2930523, at *4 (E.D. Cal. May 19, 2016), *aff'd*, 711 F. App'x 859 (9th Cir. 2017) ("[W]here more than a few incidents are alleged, the determination

---

[4] While Defendant cites to *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2017 WL 590265 (E.D. Cal. Feb. 14, 2017) to argue allegations of prior wrongdoing are insufficient, this Court in *Hughey* ultimately denied the motion to dismiss the *Monell* claim. *Id.* at *5. Thus, even though some of the prior incidents identified in *Hughey* settled before trial, that fact was insufficient to cause the dismissal of the *Monell* claim. *Id.*

appears to require a fully-developed factual record."). Therefore, the Court proceeds to examine the factual similarity of the prior incidents to the instant case.

Defendant argues the prior incidents are not sufficiently similar because they did not involve a single, fatal gunshot to a driver (ECF No. 30-1 at 20), but the factual similarity requirement is not as rigorous as Defendant argues. *See Ochoa v. City of San Jose*, No. 21-cv-02456-BLF, 2021 WL 7627630, at *6 (N.D. Cal. Nov. 17, 2021) (noting the defendants were "too granular" in arguing that the prior incidents were factually dissimilar). As stated, the prior incidents concern instances of alleged excessive force. (ECF No. 28 at ¶ 32.) Three of the prior incidents, like the instant case, allegedly involved deadly force. (*Id.*; ECF No. 30-1 at 20–21.) Additionally, two of the prior incidents allegedly involved officers shooting individuals, including one incident involving deadly force. (ECF No. 28 at ¶ 32; ECF No. 30-1 at 20–21.) Moreover, the majority of the prior incidents allegedly involved the use of force on individuals that posed no immediate threat or were complying with officer commands (ECF No. 28 at ¶ 32; *see also* ECF No. 30-1 at 20–21), which the SAC alleges was the case with Mr. Adams (*see* ECF No. 28 at ¶ 16). Finally, the SAC alleges no officer was disciplined or retrained as a result of their actions in the prior incidents. (*Id.* at ¶ 32); *see J.M. by & Through Rodriguez v. Cnty. of Stanislaus*, No. 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *6 (E.D. Cal. Nov. 7, 2018).

Thus, the incidents alleged in the SAC are multiple, specific events in which significant force was utilized by Defendant's officers in situations where the force used may plausibly be said to have been excessive. *J.M. by & Through Rodriguez*, 2018 WL 5879725, at *6; *see also McCoy*, 2020 WL 374356, at *4 (finding sufficient factual similarity and noting how the prior incidents, like the incident at issue, involved deadly officer shootings). Thus, the Court finds sufficient similarity with the prior incidents to allow Plaintiff's claim to survive the motion to dismiss.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's second claim for municipal liability for unconstitutional custom/policy/practice.[5]

---

[5] Because the Court finds the allegations in paragraphs 30 and 32 of the SAC sufficient to survive a motion to dismiss, the Court need not address Defendant's arguments regarding

8

C. Claim Five – Failure to Train

The SAC alleges Defendant's training policies were inadequate and Plaintiff identifies twelve areas of allegedly inadequate training. (ECF No. 28 at ¶¶ 52, 54.) Plaintiff also alleges examples of Defendant's longstanding practices or customs by citing the same prior incidents discussed *supra*. (*See id.* at ¶ 55.)

A failure to train or supervise can also amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). The Ninth Circuit has addressed the circumstances under which a *Monell* claim for failure to train can be asserted:

> The first is a deficient training program, intended to apply over time to multiple employees. The continued adherence by policymakers to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action — the deliberate indifference — necessary to trigger municipal liability. Further, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the moving force behind the plaintiff's injury.

*Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citations and quotation marks omitted).

Thus, allegations of prior incidents involving a defendant that resulted in litigation or settlement can be sufficient to state a claim for failure to train. *See Thurston v. City of Vallejo*, No. 2:19-cv-1902-KJM-CKD, 2021 WL 1839717, at *4–5 (E.D. Cal. May 7, 2021); *McCoy*, 2020 WL 374356, at *2–5.

Defendant argues the prior incidents alleged by Plaintiff do not show a failure to train for the same reasons that the prior incidents are inadequate to support Plaintiff's second claim. (ECF No. 30-1 at 25.) For the same reasons as with Plaintiff's second claim, the Court finds the alleged

---

paragraph 31 of the SAC. Moreover, as Defendant requests judicial notice of a policy manual in connection with the SAC's paragraph 31 (ECF No. 30-2), the Court DENIES the request as unnecessary.

9

prior incidents are sufficient to state a claim for failure to train.[6]  *See Thurston*, 2021 WL 1839717, at *5; *McCoy*, 2020 WL 374356, at *4–5.

Therefore, the Court DENIES Defendant's motion to dismiss Plaintiff's fifth claim for failure to train.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. (ECF No. 30.)  Defendants City of Redding, Kyle Corrigan, Christopher Staup, and Edward McGinnis shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

**DATED:  November 15, 2022**

 _____
 Troy L. Nunley
 United States District Judge

---

[6]  Because the Court finds the allegations of prior incidents are sufficient to cause Plaintiff's claim to survive the motion to dismiss, the Court need not address Defendant's argument that Plaintiff's other failure to train allegations are conclusory.

10