**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925-478-3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually

Plaintiff,

vs.

CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,

Defendant.

Case No. 2:20-cv-01610-TLN-DMC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL**

Date: September 17, 2026
Time: 2:00 p.m.
Dept.: Courtroom 2, 15th Floor
Judge: Troy L. Nunley

Action Filed: August 11, 2020
Trial Date: September 14, 2026

## I. INTRODUCTION

Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD McGINNIS (collectively, "Defendants") respectfully move for an order amending the Court's July 10, 2026 Final Pretrial Order and continuing the September 14, 2026 trial date pursuant to Federal Rule of Civil Procedure 16(b)(4). Good cause exists to modify the scheduling order due to unforeseen medical circumstances affecting both a critical defense expert and a named Defendant.

Defendants' retained police practices expert, Jared Zwickey, has developed serious cardiac-



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

related health issues and has been instructed by his physicians not to travel or testify. As a result, he has retired from expert witness work and is unavailable for trial. In addition, Defendant Christopher Staup is currently undergoing evaluation for unresolved cardiac-related medical conditions and has been advised by his physician to avoid stress and unnecessary travel pending further diagnosis.

These developments arose unexpectedly and through no fault of Defendants. Mr. Zwickey was retained more than three years ago and prepared for trial in anticipation of providing expert testimony, while Mr. Staup's condition developed only recently and remains under active medical evaluation. Upon learning of these issues, Defendants promptly sought a stipulation to continue the trial before filing the present motion.

Trial is presently set for September 14, 2026, and no prior trial continuance has been granted. Under these circumstances, good cause exists to continue the trial to no sooner than January 1, 2027, allowing Defendants a reasonable opportunity to retain and prepare a replacement expert and permitting Mr. Staup to complete his ongoing medical evaluation.

Accordingly, Defendants respectfully request that the Court amend the Final Pretrial Order and continue the trial to January 2027, or to such other date as the Court deems appropriate.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action was filed in the United States District Court for the Eastern District of California on August 11, 2020. The matter is assigned to District Judge Troy L. Nunley and Magistrate Judge Dennis M. Cota. The case arises from the December 22, 2019, shooting death of Jesse Adams by Redding Police Officer Chris Staup. Plaintiff Cindy Adams, Mr. Adams's mother, asserts state and federal claims against Officer Staup, Officer McGinnis, Officer Corrigan, and the City of Redding.

### A. Defendants' Expert, Jared Zwickey is Unable to Testify at Trial.

Defendants' prior counsel retained police practices expert Jared Zwickey in 2023. (Declaration of Jared Zwickey ("Zwickey Decl."), ¶ 2.) Mr. Zwickey has served as an expert in law enforcement procedures, use of force, and firearms in state and federal courts for approximately 38 years. (Zwickey Decl., ¶ 3.) During the past three years, he has reviewed case



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

materials, formulated opinions, and prepared to testify at trial. (Zwickey Decl., ¶ 4.)

Recently, however, Mr. Zwickey, who is 82 years old, began experiencing significant cardiac-related health issues, including daily shortness of breath, elevated heart rate, dizziness, chest and back pain, and multiple falls. (Zwickey Decl., ¶¶ 5-6.) His primary care physician has referred him to a cardiology specialist for further evaluation. (Zwickey Decl., ¶ 7.)

Mr. Zwickey resides in Oldtown, Idaho, and has been instructed by his physician not to travel or testify due to his medical condition. (Zwickey Decl., ¶¶ 8-9; **Exhibit A**.) As a result, he is unable to travel to trial or provide testimony in this matter. (Zwickey Decl., ¶ 10.) Because of these health issues, Mr. Zwickey has decided to retire from expert witness work and will not accept any future engagements. (Zwickey Decl., ¶ 11.)

**B. Defendant Christopher Staup is Unable to Testify at Trial.**

Defendant Christopher Staup is a 51-year-old retired law enforcement officer and a named defendant in this action. (Staup Decl., ¶¶ 2-4.) He has filed a workers' compensation claim relating to a heart condition that he believes resulted from his service as a police officer. (Staup Decl., ¶ 5.)

Over the past several months, Mr. Staup has experienced symptoms associated with a cardiac or cardiovascular condition. (Staup Decl., ¶ 6.) Despite ongoing medical evaluation, his physicians have not yet determined the cause or nature of the condition and continue to monitor him through additional diagnostic testing. (Staup Decl., ¶¶ 6-7.)

Mr. Staup is currently wearing a heart monitor prescribed by his primary care physician and is scheduled to see a cardiologist in October to review test results and determine whether additional evaluation or treatment is needed. (Staup Decl., ¶¶ 8-9.) Because the cause of his symptoms remains unknown, Mr. Staup remains concerned about the seriousness of his condition. (Staup Decl., ¶ 10.)

Pending further evaluation and diagnosis, Mr. Staup's physician has instructed him to avoid stress and unnecessary travel. (Staup Decl., ¶ 11.) Given his ongoing medical issues and his physician's recommendations, Mr. Staup is presently unable to travel to and fully participate in trial proceedings. (Staup Decl., ¶ 11.)

## III. LEGAL ARGUMENT

### A. Legal Standard for Continuing Trial Date

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules 230 and 240, a scheduling order, including a trial date, may be modified upon a showing of good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The good-cause standard primarily focuses on the diligence of the party seeking modification of the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A schedule may be modified where it "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

When evaluating a request for a continuance, courts also consider: (1) the diligence of the moving party; (2) the likelihood that the continuance will accomplish the purpose underlying the request; (3) the inconvenience to the court, the opposing party, and witnesses; and (4) the prejudice that may result from denial of the continuance. *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

Because the decision whether to continue trial rests within the Court's discretion, the Court must balance these considerations in light of the particular facts of the case, including whether the circumstances giving rise to the request were foreseeable and whether a denial would substantially impair a party's ability to fairly present its case.

### B. Good Cause Exists for Continuing Trial

1. *Defendants' Expert is Unavailable to Attend Trial because of Unforeseeable Serious Health Issues.*

Good cause exists to continue the trial because Defendants have unexpectedly lost the testimony of a critical expert witness through no fault of their own. (Declaration of Alexander M. Mavrogianis "Mav Decl." ¶ 2.) Defendants retained police practices expert Jared Zwickey in 2023, and for approximately three years he has devoted substantial time to reviewing the case materials and preparing to testify at trial. (Zwickey Decl., ¶¶ 2, 4.) Mr. Zwickey's testimony is highly relevant to issues involving law enforcement procedures, use of force, and firearms, subjects on which he has nearly four decades of experience serving as an expert in state and federal courts. (Zwickey



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

Decl., ¶ 3.)

Mr. Zwickey recently developed serious cardiac-related health issues, including daily shortness of breath, elevated heart rate, dizziness, chest pain, back pain, and multiple falls. (Zwickey Decl., ¶¶ 5-6.) His physician referred him to a cardiology specialist and has expressly instructed him not to travel or participate in stressful situations, such as trial proceedings. (Zwickey Decl., ¶¶ 7-9, Exhibit A.) Because Mr. Zwickey resides in Idaho and is medically unable to travel or testify, he is unavailable to serve as Defendants' expert at trial. (Zwickey Decl., ¶ 10.)

The circumstances leading to Mr. Zwickey's unavailability were unforeseen and arose despite Defendants' diligence in retaining him years before trial and preparing the case with the expectation that he would testify. Further, Mr. Zwickey has determined that, due to his declining health, he will retire from expert witness work entirely and will not accept future engagements. (Zwickey Decl., ¶ 11.) His retirement confirms that his unavailability is not temporary or strategic but instead stems from legitimate and serious medical concerns. (Mav Decl." ¶ 3.)

A continuance is therefore necessary to avoid substantial prejudice to Defendants. (Mav Decl." ¶ 26.) Without additional time, Defendants will be deprived of expert testimony on central liability issues and deprived of a reasonable opportunity to locate, retain, and prepare a replacement police practices expert. (Mav Decl." ¶ 4.) The requested continuance is sought in good faith, is necessitated by unforeseen medical circumstances beyond Defendants' control, and is required to ensure that the matter is decided on its merits rather than on the fortuitous loss of a key witness shortly before trial. (Mav Decl." ¶ 23-25.) Accordingly, good cause exists to continue the trial. (Mav Decl." ¶ 27.)

*2. Defendant Chris Staup will be Unable to Attend Trial for Medical Reasons*

Good cause exists to continue the trial because Defendant Christopher Staup is currently experiencing significant and unresolved cardiac-related health issues that have impaired his ability to travel and participate in stressful proceedings. (Mav Decl." ¶ 5.) Mr. Staup is a Defendant named in this action, is 51 years old, and is a retired law enforcement officer. (Staup Decl., ¶¶ 2-4.) He has filed a workers' compensation claim relating to a heart condition that he believes arose from his years of service as a police officer. (Staup Decl., ¶ 5.)

Over the past several months, Mr. Staup has experienced symptoms associated with a cardiac or cardiovascular condition. Mr. Staup's symptoms have recently become worse. Despite undergoing medical evaluations, his treating physicians have not yet determined the precise nature or cause of his condition. (Staup Decl., ¶¶ 6-7.) Because the source of his symptoms remains unknown, his physicians have continued to monitor his condition and conduct additional diagnostic testing. (Staup Decl., ¶ 7.) As part of that process, Mr. Staup is currently wearing a heart monitor provided by his primary care physician in an effort to identify the cause of his symptoms and evaluate the severity of his condition. (Staup Decl., ¶ 8.)

Mr. Staup also has a scheduled appointment with a cardiologist in October to review the results of the ongoing testing, discuss his symptoms, and determine what additional evaluation or treatment may be necessary. (Staup Decl., ¶ 9.) At present, neither Mr. Staup nor his physicians know the cause of his cardiovascular symptoms, creating uncertainty regarding the seriousness of his condition and the appropriate course of treatment. (Staup Decl., ¶ 10.) Understandably, this uncertainty has raised significant concerns regarding his health and ability to safely engage in stressful activities. (Ibid.)

Because of these unresolved medical concerns, Mr. Staup's primary care physician has specifically instructed him to avoid stress and refrain from unnecessary travel pending further evaluation and diagnosis. (Staup Decl., ¶ 11.) In accordance with his physician's recommendations, Mr. Staup has been attempting to limit activities that could aggravate his symptoms or interfere with the ongoing diagnostic process. (Ibid.) Participation in trial preparation and trial itself would necessarily subject Mr. Staup to substantial stress at a time when his physicians have advised against such activity and while critical medical evaluations remain pending.

The circumstances necessitating a continuance were unforeseen and arose through no fault of Mr. Staup or the defense. (Mav Decl." ¶ 6.) The severity of Mr. Staup's condition developed only recently, and despite diligent efforts by his healthcare providers, the nature and extent of his cardiovascular issues remain undiagnosed. The requested continuance will allow Mr. Staup to complete the ongoing diagnostic process, obtain the results of his cardiology consultation, and receive any treatment recommendations deemed necessary by his physicians.

Absent a continuance, Mr. Staup would be forced to choose between complying with his physicians' medical advice and fully participating in the defense of this action. (Mav Decl.” ¶ 7.) Such a result would substantially prejudice the defense and undermine the fair adjudication of the case on its merits. (Mav Decl.” ¶ 7.) The requested continuance is sought in good faith, is based on legitimate and unresolved medical concerns, and is necessary to protect Mr. Staup's health while ensuring that all parties have a fair opportunity to present their case. Accordingly, good cause exists to continue the trial. (Mav Decl.” ¶ 27.)

**C. Defense Counsel was Diligent in Moving for this Continuance.**

The first factor that appellate courts consider under United States v. Flynt is the moving counsel’s diligence. Defense Counsel, Robert Ferrier and Alexander M. Mavrogianis were assigned as trial counsel for Defendants on or around May 15, 2026. (Mav Decl.” ¶ 8.) In early August, Defense Counsel Mr. Ferrier was informed by Mr. Staup that he was having heart related issues. (Mav Decl.” ¶ 9.) On August 7, 2026, Defense Counsel, Robert Ferrier, emailed Mr. Zwickey, to set up a meeting to discuss his trial testimony. (Mav Decl.” ¶ 10.) On August 12, 2026, Defense Counsel, Alexander M. Mavrogianis, spoke with Mr. Zwickey on the phone and was informed for the first time that he was retiring due to heart-related complications and therefore unable to travel or testify at his doctor’s instructions. (Mav Decl.” ¶ 11.)

Upon learning of the severity of Mr. Zwickey's and Mr. Staup's medical conditions in early August, defense counsel promptly contacted Plaintiff's counsel on August 14, 2026, to request a stipulation to continue the trial date. (Mav Decl.” ¶ 12.) When Plaintiff declined to stipulate on August 18, 2026, Defendants immediately notified Plaintiff of their intent to seek relief from the Court and promptly prepared the instant motion. (Mav Decl.” ¶ 13.)

Accordingly, Defendants have acted diligently and in good faith at every stage of these proceedings and have sought a continuance at the earliest practicable opportunity after learning that both a critical expert witness and a named Defendant would be medically unavailable for trial. (Mav Decl.” ¶ 14.) These facts further support a finding of good cause under Rule 16. (Mav Decl.” ¶ 14.)

**D. Usefulness of Continuance and Lack of Inconvenience**

The second and third factors identified in *United States v. Flynt* strongly support a

continuance. The requested continuance will serve two important purposes. First, because Mr. Zwickey has retired and is medically unable to testify, Defendants require sufficient time to retain, disclose, and prepare a replacement police practices expert. (Mav Decl." ¶ 15.) Given the complexity of this case and the extensive materials Mr. Zwickey reviewed over the course of three years, a substitute expert cannot reasonably be retained and prepared before the current trial date. (Mav Decl." ¶ 17.)

Second, a continuance will permit Mr. Staup to complete the ongoing diagnostic evaluation of his cardiac condition, obtain the results of his cardiology consultation, and receive any treatment recommendations deemed necessary by his physicians. (Mav Decl." ¶ 16.) Additional time will provide greater clarity regarding his medical condition and ability to participate in trial proceedings. (Mav Decl." ¶ 16.)

Further, the requested continuance will result in minimal inconvenience to the parties or the Court. (Mav Decl." ¶ 18.) Non-expert discovery has closed. The continuance is sought solely because of unforeseen medical circumstances affecting both a critical expert witness and a named Defendant. Under these circumstances, the limited delay requested is outweighed by the substantial prejudice Defendants would suffer if forced to proceed to trial as currently scheduled. (Mav Decl." ¶ 19.)

**E. Defendants Would be Prejudiced if the Court Does Not Continue the Trial Date.**

The unanticipated and serious medical conditions affecting both Defendants' retained police practices expert, Jared Zwickey, and Defendant Christopher Staup have created circumstances beyond Defendants' control that materially impair their ability to fairly present their defense at trial. (Mav Decl." ¶ 20.) Defendants have acted diligently throughout this litigation, promptly sought stipulation from Plaintiff, and brought this motion without delay after it became apparent that the September 14, 2026, trial date could not reasonably be met. (Mav Decl." ¶ 21.)

A brief continuance will permit Mr. Staup to complete the ongoing medical evaluation of his cardiac condition and allow Defendants a reasonable opportunity to retain and prepare a replacement police practices expert in light of Mr. Zwickey's unforeseen medical retirement. By

contrast, denying the requested continuance would substantially prejudice Defendants and risk a trial proceeding without the participation of a named Defendant and without expert testimony on critical liability issues. (Mav Decl.” ¶ 22.)

## IV. CONCLUSION

For the foregoing reasons, Defendants have demonstrated good cause under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's scheduling order and continue the current trial date.

Accordingly, Defendants respectfully request that the Court amend the Final Pretrial Order, continue the September 14, 2026, trial date to a date no sooner than January 1, 2027 and grant such further relief as the Court deems just and proper.

DATED: August 20, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS