**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925-478-3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**DECLARATION OF ALEXANDER M. MAVROGIANIS IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**<br><br>Date: September 17, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 15th Floor<br>Judge: Troy L. Nunley<br><br>Action Filed: August 11, 2020<br>Trial Date: September 14, 2026 |

I, Alexander M. Mavrogianis, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and am counsel of record for Defendants City of Redding, Kyle Corrigan, Christopher Staup, and Edward McGinnis in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2. Good cause exists to continue the trial because Defendants have unexpectedly lost

the testimony of a critical expert witness, Jared Zwickey, through no fault of their own.

3. Mr. Zwickey’s retirement confirms that his unavailability is not temporary or strategic but stems from legitimate and serious medical concerns.

4. Without additional time, Defendants will be deprived of expert testimony on central liability issues and deprived of a reasonable opportunity to locate, retain, and prepare a replacement police practices expert.

5. Good cause exists to continue the trial because Defendant Christopher Staup is currently experiencing significant and unresolved cardiac-related health issues that have impaired his ability to travel and participate in stressful proceedings.

6. The circumstances necessitating a continuance were unforeseen and arose through no fault of Mr. Staup or the defense.

7. Absent a continuance, Mr. Staup would be forced to choose between complying with his physicians' medical advice and fully participating in the defense of this action. Such a result would substantially prejudice the defense and undermine the fair adjudication of the case on its merits.

8. Defense Counsel, Robert Ferrier and Alexander M. Mavrogianis were assigned as trial counsel for Defendants on or around May 15, 2026.

9. In early August, Defense Counsel Mr. Ferrier was informed by Mr. Staup that he was having heart related issues.

10. On August 7, 2026, Defense Counsel, Robert Ferrier, emailed Mr. Zwickey, to set up a meeting to discuss his trial testimony. A true and correct copy of this email is attached hereto as **Exhibit A.**

11. On August 12, 2026, Defense Counsel, Alexander M. Mavrogianis, spoke with Mr. Zwickey on the phone and was informed for the first time that he was retiring due to heart-related complications and therefore unable to travel or testify at his doctor’s instructions.

12. Upon learning of the severity of Mr. Zwickey's and Mr. Staup's medical conditions in early August, defense counsel promptly contacted Plaintiff's counsel on August 14, 2026, to request a stipulation to continue the trial date. A true and correct copy of this email is attached hereto

as **Exhibit B.**

13. When Plaintiff declined to stipulate on August 18, 2026, Defendants immediately notified Plaintiff of their intent to seek relief from the Court and promptly prepared the instant motion. A true and correct copy of this email is attached hereto as **Exhibit B.**

14. Accordingly, Defendants have acted diligently and in good faith at every stage of these proceedings and have sought a continuance at the earliest practicable opportunity after learning that both a critical expert witness and a named Defendant would be medically unavailable for trial. These facts further support a finding of good cause under Rule 16.

15. The first reason for this continuance is to permit Defendants sufficient time to retain, disclose, and prepare a replacement police practices expert.

16. The second reason for this continuance, is to permit Mr. Staup to complete the ongoing diagnostic evaluation of his cardiac condition, obtain the results of his cardiology consultation, and receive any treatment recommendations deemed necessary by his physicians. Additional time will provide greater clarity regarding his medical condition and ability to participate in trial proceedings.

17. Given the complexity of this case and the extensive materials Mr. Zwickey reviewed over the course of three years, a substitute expert cannot reasonably be retained and prepared before the current trial date.

18. Further, the requested continuance will result in minimal inconvenience to the parties or the Court.

19. Under these circumstances, the limited delay requested is outweighed by the substantial prejudice Defendants would suffer if forced to proceed to trial as currently scheduled.

20. The unanticipated and serious medical conditions affecting both Defendants' retained police practices expert, Jared Zwickey, and Defendant Christopher Staup have created circumstances beyond Defendants' control that materially impair their ability to fairly present their defense at trial.

21. Defendants have acted diligently throughout this litigation, promptly sought stipulation from Plaintiff, and brought this motion without delay after it became apparent that the

September 14, 2026, trial date could not reasonably be met.

22. Denying the requested continuance would substantially prejudice Defendants and risk a trial proceeding without the participation of a named Defendant and without expert testimony on critical liability issues.

23. The requested continuance is necessary by unforeseen medical circumstances beyond Defendant's control.

24. The requested continuance is required to ensure that the matter is decided on the merits rather than on the fortuitous loss of a key witness shortly before trial.

25. The requested continuance is sought in good faith.

26. A continuance is necessary to avoid substantial prejudice to Defendants.

27. For the reasons mentioned above, good cause exists to continue the trial.

28. Below is a list of Robert M. Ferrier's Trial Dates:

| | |
|---|---|
| 08/19/26 | Gold v VP Painting & Construction |
| 09/04/26 | Peter v Deleon Flores (AAD) |
| 09/14/26 | Adams v City of Redding |
| 09/28/26 | Larson v Putzmeister |
| 10/05/26 | Ventresca v Brinks |
| 10/20/26 | Hopkins v Northridge (AAD) |
| 10/26/26 | Valenzuela et al v. City of Lathrop |
| 12/08/26 | Wedin v City of Turlock |
| 02/01/27 | R.G and V.V v First Student |
| 02/22/27 | Massey v TMT Industries |
| 03/02/27 | Brown v. City of Turlock |
| 03/29/27 | Hamilton v PG&E |
| 05/04/27 | Blandon v City of Merced |
| 05/17/27 | Lewis v Fresno I Street |
| 09/13/27 | Hughes v. City of San Rafael |
| 10/12/27 | Madrigal v City of Waterford |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 20th day of August, 2026, at Walnut Creek, California.

*/s/ Alexander M. Mavrogianis*
Alexander M. Mavrogianis

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW