**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sehatlaw.com
Mónica Reyes-Santiago, Esq. (SBN 339807)
monica.rs@sehatlaw.com
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200 | Fax: (949) 313-5001

*Attorneys for Plaintiff*, CINDY ADAMS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CINDY ADAMS,

Plaintiff,

v.

CITY OF REDDING, et al.,

Defendants.

Case No: **2:20-cv-01610-TLN (DMC)**

[*Honorable Troy L. Nunley*]
*Magistrate Judge Dennis M. Cota*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE EVIDENCE OF DRUGS AND ALCOHOL, USE OR POSSESSION, AND TOXICOLOGY FINDINGS**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine* & Trial**:
Date: September 14, 2026
Time: 09:30 a.m.
Ctrm: 2
Robert T. Matsui United States Courthouse, 501 I Street, 15th floor, Sacramento, CA 95814350 West 1st Street, 7th Floor
Los Angeles, California 90012

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff CINDY ADAMS hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to drug or alcohol use or possession, both prior to and during the incident, as to Plaintiff, decedent, and passengers of the Scion, including the post-incident toxicology report findings.

Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because admission of the above information was unknown to the Defendant Officers at the time of the incident giving rise to the above-referenced lawsuit. Further, even if Defendant Officers claim to have some suspicion of drugs and alcohol use or possession, information of actual use or possession is irrelevant or has minimal probative value yet carries a substantial danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether the Defendant Officers are liable; and importantly, includes impermissible character evidence. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801, 802, and 805 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court. This motion is made following an attempt to conference with counsel from which no resolution was reached regarding these subject areas.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Marcel F. Sincich*

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Decedent Jesse Adams by City of Redding Police Department ("RPD") Officers Kyle Corrigan, Christopher Staup, and Edward McGinnis ("Defendant Officers"). By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial regarding any drug or alcohol use or possession by Plaintiff, Adams, or the passengers in the Scion, including any toxicology findings, as information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force against Adams, therefore rendering it irrelevant, but nevertheless is substantially outweighed by the risk of unfair prejudice and is impermissible character evidence and hearsay.

The central issue in this case is whether the force used against Adams by Defendant Officers was excessive or unreasonable. The analysis has long been limited to information known to Defendant Officers at the time the force was used, prohibiting hindsight evidence. Defendant Officers knew nothing about whether Adams, Plaintiff, or the passengers had a history of drug or alcohol use or possession, including the post-incident toxicology report, and having that knowledge would not be pertinent to the determination of any relevant fact in this matter. Defendant Officers cannot justify their use of excessive force because they suspected a person to have been under the influence of some unknown thing at the time nor can they justify their use of force with unknown drug and alcohol use or possession prior to the incident. Even if Defendant Officers claim to have some information or suspicion of drug or alcohol use, Defendant Officers are in no way claiming that they used deadly force because they believed Adams may have been under the influence during the incident and certainly not for some time in the past. Such evidence is hearsay, speculative, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff and Decedent and deprive Plaintiff of a fair trial. Thus, for the following reasons, Plaintiff respectfully request the Court issue an order excluding drug and alcohol evidence from the trial.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983). After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty*., 673 F.3d 864, 873 (9th Cir. 2011); Ninth Circuit Model Jury Inst. 9.25.

Further, Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 402 states in part that evidence which is not relevant is not admissible.

In light of how the jury will be instructed and given the great weight from the Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and circumstances that Defendant Officers were not confronted with at the time they made the decision to use excessive force, including deadly force, against Adams would be improper. Evidence of facts and circumstances unknown to Defendant Officers at the time of their uses of force—including any evidence of any drug or alcohol use or possession and post-incident toxicology findings—is irrelevant and inadmissible because it was not part of the totality of the circumstances facing Defendant Officers at the time. Thus, any argument that this information is relevant fails. Defendant Officers had no information about any drug

and alcohol history and clearly could not have had any toxicology records.

> **Q. Any information as to whether the person was under the influence of drugs or alcohol?**
>
> A. Only that the sole reason that Officer Corrigan would have asked me to respond was because he believed the driver was impaired in one way or another.
>
> **Q. I'm just wondering whether you received specific information that the person had "x" amount of beers or had been using some illicit drug, or something like that.**
>
> A. No.

Exh. B, Staup Depo at 25:17-25.

Staup and Corrigan admit that they had no information about Adams drug or alcohol use prior to the night of the incident. (Exh. C, Staup Responses to RFA Nos. 11, 15; Exh. D, Corrigan Responses to RFA Nos. 32, 36.) Staup admits that he had no information that Adams was under the influence of any drug. (Exh. C, Staup Responses to RFA Nos. 13, 17; Exh. D, Corrigan Responses to RFA Nos. 34, 38.) Thus, testimony and exhibits related to the same did not play in the totality of circumstances confronting Defendant Officers when using less lethal and deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Herrera v. City of Ontario*, No. EDCV 15-1370-JGB-SPx, 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology as information unknown); *Ruvalcaba v. City of Los Angeles*, No. 2:12-cv-06683-ODW-MANx, 2014 WL 4226303, at *2 (C.D. Cal. Sept. 8, 2014) (same); *Wisler v. City of Fresno*, No. CVF 06-1694-LJO-SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding drug evidence because it was unknown).

Therefore, the irrelevant information that is also unknown to Defendant Officers at the time of their uses of excessive and unreasonable force should be excluded.

**III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE**

Under Rule 404, any pre- or post-incident drug or alcohol use or possession evidence cannot be used to prove that Adams acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. Admission of drug or alcohol use or possession testimony or evidence from information gathered after the incident, including the post-incident toxicology report, poses a danger that the jury will (1) improperly infer that Defendant Officers knew this information, (2) will improperly infer that Adams had the propensity to act violently towards Defendant Officers, and (3) will reach a verdict that does not reflect the circumstances facing Defendant Officers at the time.

Drug and alcohol evidence cannot be used to show Adam's character or that he acted in conformity therewith. Admission of drug and alcohol evidence would be nothing more than a backdoor attempt to tarnish Mr. Adam's character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

## IV. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Evidence of drug or alcohol use and possession can only serve to unjustly inflame a jury's passions and prejudices against Adams. *See generally, V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (excluding evidence of prior drug use as information unknown to officers at the time of the shooting under Rule 403, and explaining that "[t]he Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the

factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred "use of the word 'heroin,' because at the It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice; *Wisler*, 2008 WL 2954179 at *5 (excluding evidence of marijuana use on grounds it was unduly prejudicial because not known by Defendants); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin … are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone … can be highly prejudicial and arouse jury sentiment against a party-witness.").

The jury should not be misled to believe that Adam's drug or alcohol possession or use conduct is at issue—the jury should properly remain focused on Defendant Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Any testimony offered by the defense regarding some effect of drugs or alcohol here would lack foundation and call for speculation. Fed. R. Evid. 602. Defendants have no expert witness to testify as to how many times Adams had ever used drugs or alcohol in his life, the effect that may have had on his life expectancy, or the effect that may have had on any area of his life or death. Defendants have no expert witness qualified to testify as to how drugs or alcohol use or possession could of have had any impact on Plaintiff's relationship with her son. Defendants only have speculation based on unduly prejudicial information unknown. Drugs and alcohol evidence is not only irrelevant to damages, just as liability, admitting drugs and alcohol evidence to infer that Plaintiff is undeserving of full and fair compensation for the damages caused by Defendant Officers is misleading and unfairly prejudicial. Defendants retained a police practices expert. No damages experts were retained

by the defense and Defendant Officers certainly should not be permitted to opine as to Plaintiff's damages.

This inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of hindsight evidence as a reason justifying the use of force or limiting Plaintiff's damages on an improper basis. *See Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff.").

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Adams posed an immediate threat of death or serious bodily injury to anyone when Defendant Staup used excessive and unreasonable deadly force against him. Refuting the inferences drug and alcohol possession or use will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To rebut Defendants' character evidence, Plaintiff will be forced to call several witnesses to rehabilitate the jurors' view of him which will unduly consume this Court's and the jury's time and resources. Accordingly, Plaintiff respectfully requests that the Court also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## V. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude any and all documentary evidence in support of the aforementioned information unknown, including any toxicology findings, as inadmissible hearsay, including multiple layers of hearsay without any exception

under Federal Rule of Evidence, 801, 802, and 805. Given that this present Motion pertains to information unknown to Defendant Officers, they cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intent to introduce would be through the admission of hearsay statements and documents, it should also be excluded. Any toxicology findings were made from outside of this court, and Defendants impermissibly intend to offer them for the truth of the matter asserted.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial as to drug or alcohol use or possession, including the post incident toxicology report findings.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*