**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sehatlaw.com
Mónica Reyes-Santiago, Esq. (SBN 339807)
monica.rs@sehatlaw.com
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200 | Fax: (949) 313-5001

*Attorneys for Plaintiff*, CINDY ADAMS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CINDY ADAMS,

Plaintiff,

v.

CITY REDDING, et al.,

Defendants.

Case No: **2:20-cv-01610-TLN (DMC)**

[*Honorable Troy L. Nunley*]
*Magistrate Judge Dennis M. Cota*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 3 TO EXCLUDE ITEMS IN THE SUBJECT VEHICLE**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine* & Trial**:
Date: September 14, 2026
Time: 09:30 a.m.
Ctrm: 2
Robert T. Matsui United States Courthouse,
501 I Street, 15th floor, Sacramento, CA
95814350 West 1st Street, 7th Floor
Los Angeles, California 90012

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff CINDY ADAMS hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to any post-shooting investigation items found on Decedent Jesse Adams' person and/or in the vehicle driven by Adams with any inference to wrongs of bad acts, including a firearm and whether it was loaded, and any paraphernalia, currency, or documents therein.

Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because this information was unknown to Defendant Officers, and unduly prejudicial. This information is irrelevant or has minimal probative value yet holds substantial risks of confusing the jury; unnecessarily consuming time and misleading the jury in their task of determining whether the Defendant Officers are liable; and includes impermissible character evidence. Further, any post-incident reports containing reference to said items are impermissible hearsay without exception. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801, 802, 805 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court. This motion is made following an attempt to conference with counsel from which no resolution was reached regarding these subject areas.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Jesse Adams by City of Redding Police Department ("RPD") Officers Kyle Corrigan, Christopher Staup, and Edward McGinnis ("Defendant Officers"). By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial regarding any items discovered on Adams' person or inside the vehicle he was driving, including a firearm and whether it was loaded, and any paraphernalia, currency, or documents, as information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force against him, therefore rendering it irrelevant, but nevertheless is substantially outweighed by the risk of unfair prejudice and is impermissible character evidence and hearsay.

The central issue in this case is whether the force used against Adams by Defendant Officers was excessive or unreasonable. The analysis is limited to information known to Defendant Officers at the time the force was used. Defendant Officers did not know what items were in the vehicle at the time of the shooting; these items were discovered post-incident; and Defendants should not be permitted to present a theory of the case based on hindsight evidence. Such evidence is hearsay, speculative, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff and Decedent and deprive Plaintiff of a fair trial. Thus, for the following reasons, Plaintiff respectfully request the Court issue an order excluding any items found on Adams' person and the vehicle he was driving that were discovered after the incident.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to

the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "[w]e cannot consider evidence of which the officers were unaware…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396. Accordingly, juries are instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id*.; Ninth Circuit Model Jury Inst. 9.27.

Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that Defendant Officers were not confronted with or that was otherwise unknown to them at the time they used excessive force against Adams would be highly improper. As such, Defendants cannot rely on after-acquired information obtained by investigation into the incident. All after-acquired information is irrelevant and inadmissible because it was not part of the "totality of the circumstances" facing Defendant Officers at the time of their use of excessive force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are

irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694-LJO-SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding evidence of marijuana because it was not known by defendants).

Here, the relevant information as to whether Defendant Officers use of force was reasonable is entirely from (1) the information Defendant Officers knew prior to the incident and actually considered in determining whether to use force, and (2) the information Defendant Officers learned from their own observations during the incident. Hindsight investigative items discovered after the fact are obviously not something the officers could have considered. Defendant Officers did not have any information regarding anything that was in the vehicle at the time of the incident, including the firearm discovered after the fact.

> **Q. Once you moved to the A-Pillar of the driver side and you were able to see into the cabin, did you identify any kind of weapons inside the vehicle?**
>
> A. I did not. Just the vehicle itself that was my chief concern.
>
> **Q. Did you ever see a gun or knife inside the vehicle at any point in time?**
>
> A. I did not.

Exh. A, Corrigan Depo, at 84:15-22. Corrigan never even saw a gun and there was no mention of the gun by Corrigan during his deposition.

> **Q. Did you ever actually see a weapon in the car?**
>
> A. I didn't.

Exh. B, Staup Depo, at 42:21-22. Staup never saw a gun and there is no mention of the gun by Staup during his deposition.

Despite being clearly irrelevant, by opposing this Motion, it is clear that Defendants intend to offer into evidence information unknown to implicate Adams as having bad character and attempting to justify their use of excessive force. Information unknown did

not play in the totality of circumstances confronting Defendant Officers when they used excessive force. Therefore, any post-incident items discovered in the subject Scion should be excluded as impermissible hindsight evidence.

**III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE**

Under Rule 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to prove that Adams acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. For example, testimony or evidence from information gathered after the incident relating to any unknown possession of any items in the vehicle, including a firearm, or investigative findings—poses a danger that the jury will (1) improperly infer that Defendant Officers knew this information, (2) will improperly infer that Adams had the propensity for violence or to violate the law, and (3) will reach a verdict that does not reflect the circumstances facing Defendant Officers at the time.

Plaintiff anticipates that Defendants will seek to use the foregoing information unknown, particularly the gun discovered in the vehicle after the incident, as evidence of a propensity for violence and criminal behavior. "Corroborating" evidence is propensity evidence. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of the information unknown, including as listed herein, would be nothing more than a backdoor attempt to tarnish Adams' character and pollute the jury against him. Any argument that this evidence is admissible under Rule 404(b)(2) or 406 is

inconceivable. Accordingly, this impermissible character evidence should be excluded.

**IV. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL**

Information unknown should be excluded under Rule 403 because any probative value it may have is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). The information Defendants intend to introduce as indicated herein have minimal if any probative value at all. The jury should not be misled to believe that items discovered post-incident have any relevance to this action. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the defense regarding unknown firearm and cash possession will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiff's concern is that Defendants will attempt to take every opportunity to discuss the gun and the potential threat that could possibly have happened in a different situation, as Staup has previously, having nothing to do with *this* incident and unknown to

Defendant Officers, into as many witnesses' testimony as possible to inflame the passions of the jury against Plaintiff, depriving her of a fair trial. "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993). Evidence of firearm possession and bad acts can only serve to unjustly inflame a jury's passions and prejudices against Adams. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* in an excessive force case to exclude drug paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of excessive force decedent's mental health history, even though officers knew about his past suicide attempt and mental illness history and argued it justified their actions in subduing him, because of danger jury would conclude subduing was reasonable based on status rather than conduct at the time); *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff."). This inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of unrelated post-incident investigatory hindsight evidence as a reason justifying the use of force or limiting Plaintiff's damages on an improper basis.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

The central factual dispute in this case is whether Adams posed an immediate threat of death or serious bodily injury to anyone when Defendant Officers used excessive and unreasonable force against him. Refuting the inferences that Defendants may attempt to raise regarding alleged and unknown items discovered only after a post-incident investigation will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To essentially try several mini trials to rebut Defendants' character evidence, Plaintiff will be forced to call several witnesses to show Adams' true character and rehabilitate the jurors view of him taking potentially days to conduct, and witnesses to establish when and where the gun was found. As a result, it will unduly consume this Court's and the jury's time and resources. Accordingly, Plaintiff respectfully requests that the Court also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## V. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude any testimony, recordings and reports referring to the aforementioned hindsight items discovered on Adams' person or in the Scion as having layers of hearsay without any exception under Federal Rule of Evidence 801, 802, and 805. Given that this present Motion pertains to information unknown to Defendant Officers, they cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intend to introduce would be through admission of hearsay statements and documents, it should also be excluded. Investigative documents from officer reports were all made from out of this court, and Defendant impermissibly intends to offer them for the truth of the matter asserted. This should not be allowed.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial to items found in the Scion that were unknown to Defendant Officers at the time of their use of force.

/ / /

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*