**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118
**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sehatlaw.com
Mónica Reyes-Santiago, Esq. (SBN 339807)
monica.rs@sehatlaw.com
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200 | Fax: (949) 313-5001
*Attorneys for Plaintiff*, CINDY ADAMS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CINDY ADAMS,

Plaintiff,

v.

CITY OF REDDING, et al.,

Defendants.

Case No: **2:20-cv-01610-TLN (DMC)**

[*Honorable Troy L. Nunley*]
*Magistrate Judge Dennis M. Cota*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 4 TO EXCLUDE SHASTA COUNTY DISTRICT ATTORNEY AND CITY OF REDDING FINDINGS**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine* & Trial**:
Date: September 14, 2026
Time: 09:30 a.m.
Ctrm: 2
Robert T. Matsui United States Courthouse, 501 I Street, 15th floor, Sacramento, CA 95814350 West 1st Street, 7th Floor
Los Angeles, California 90012

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff CINDY ADAMS hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to the post-incident findings by the Shasta County District Attorney's Office related to whether the SCDA will press criminal charges against the Defendant Officers and any post-incident findings by the Redding Police Department, Chief of Police, Internal Affairs or any Use of Force Review Board related to whether the use of force by Defendant Officers was reasonable, necessary, or proportional and the after-acquired information they based their findings on—both of which are hindsight information unknown to Defendant Officers and at the time of their use of excessive force against Jesse Adams.

Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because admission of the above information was unknown to Defendant Officers at the time of the incident giving rise to the above-referenced lawsuit. The SCDA and RPD findings are irrelevant, and any minimal probative value is substantially outweighed by the danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 602, 801, 802, 805, and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court. This motion is made following a conference of counsel during which no resolution could be reached.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Jesse Adams by City of Redding Police Department ("RPD") Officers Kyle Corrigan, Christopher Staup, and Edward McGinnis ("Defendant Officers"). By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial (A) the post-incident findings by the Shasta County District Attorney's Office ("SCDA") including whether to press criminal charges against Defendant Officers; and (B) the post-incident findings of the RPD, internal affairs, Chief of Police, Use of Force Review Board, and any other City investigation including whether the force was objectively reasonable, necessary, or proportional and the after-acquired information that the SCDA and RPD based their findings on.

The central issue in this case is whether the force used against Adams by Defendant Officers was excessive or objectively unreasonable. The analysis is limited to information known to Defendant Officers at the time the force was used. Defendants' may not rely on findings from the SCDA or the RPD based on their post-incident investigation to bolster Defendants' position. The risk is that Defendants will infer to the jury that if the SCDA did not press charges the force must have been reasonable, or that if some review board believe that the force was necessary and reasonable or within policy then the jury cannot find otherwise.

It is not disputed that the SCDA and RPD findings were all based on post-incident investigation of this matter. It cannot be disputed that Defendant Officers did not have the information available to the SCDA and RPD at the time of their use of excessive force and certainly did not have their findings when they made the decision to use force against Adams. It is also well-settled that information unknown is not relevant to the analysis and should be excluded. Thus, for the following reasons,

Plaintiff respectfully request the Court issue an order excluding this information unknown to Defendant Officers at the time of his use of deadly force from the trial.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED AND POST INCIDENT INVESTIGATIONS ARE IRRELEVANT

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officers knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty*., 673 F.3d 864, 873 (9th Cir. 2011); Ninth Circuit Model Jury Inst. 9.27. Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that Defendant Officers were not confronted with or that was otherwise unknown to them at the time they used excessive force against Adams would be highly improper. Evidence of facts and circumstances unknown to the Defendant Officers at the time of their use of excessive force—including any findings, analysis, or information considered within the (A) post-incident SCDA investigation and conclusions related to reasonableness or criminal prosecution of Defendant Officers for their use of force against Adams; and (B) the post-incident RPD (including the Chief of Police, internal affairs or any Use of Force Review Board) investigation and

correspondences including whether the use of force was reasonable, necessary, or proportional—are irrelevant and inadmissible because it was not part of the "totality of the circumstances" facing Defendant Officers at the time of their use of excessive force. *See Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information…. It merely presents the question the jury was tasked with answering."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008).

Information unknown did not and could not play in the totality of circumstances confronting Defendant Officers when they used excessive force. Because evidence of the SCDA and RPD findings and investigation are not probative of any fact of consequence to the determination of this action, any evidence or argument related to it should be excluded.

## III. EVIDENCE FROM POST-INCIDENT FINDINGS AND INVESTIGATIONS ARE UNDULY PREJUDICIAL

Even if the evidence has some speculative probative value, it should be excluded under Fed. R. Evid. 403. Information unknown should be excluded under Rule 403 because any probative value it may have is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. Determining the reasonableness of Defendant Officers' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the SCDA or the RPD. The jury might feel bound to abide by the conclusions of the SCDA and RPD rather than reaching its own independent conclusions based on all the evidence. *See Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori Sch., Inc.*,

776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision.").

Any investigation, conclusion, and analysis of the SCDA and RPD, including the after-acquired information and materials the SCDA or RPD based their review on concerning Defendant Officers' use of force—such as whether to press criminal charges or whether the force was within policy—is irrelevant to the issue at the heart of this case, which is whether Defendant Officers' conduct amounted to a constitutional violation. Adherence to, or deviation from, municipal policy is not evidence of a constitutional violation. When balanced against the substantial risk that the SCDA or RPD's findings may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant Federal Rule of Evidence 403.

Moreover, the SCDA makes a finding with an eye toward criminal prosecution. This review and determination are based on a criminal "beyond a reasonable doubt" standard, rather than the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the SCDA reviewed this incident and opted not to criminally prosecute Defendant Officers will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the SCDA reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Defendant Officers. When balanced against the substantial risk that the SCDA's conclusions may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant Rule 403.

Likewise, there is a substantial danger of misleading the jury into adopting the RPD's self-serving ultimate issue findings that the use of deadly force was objectively reasonable. The RPD based its decision on its own investigation and policy, not the

rules of evidence, and not tested by an opposing party. There is a substantial danger of misleading the jury into adopting findings that are based on hindsight evidence as opposed to information known by Defendant Officers. Further, there is a substantial risk of unfair prejudice suffered by Plaintiff if the jury were to hear and adopt a review board's review of this shooting incident, and conclusion that the force was objectively reasonable and necessary as opposed to making a jury determination based on the facts presented at trial. This is akin to allowing Defendants several expert witnesses all to present the same cumulative testimony all on the ultimate issue. The risk of unfair prejudice is too high.

Accordingly, Plaintiff respectfully requests that the Court also exclude evidence, reference, and argument regarding the SCDA and RPD findings that were unknown to Defendant Officers under Rule 403.

## IV. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude the SCDA and RPD's post-incident findings and reports as inadmissible hearsay, including multiple layers of hearsay without any exception under Federal Rules of Evidence Rules 801, 802, and 805. Given that this present Motion pertains to information unknown to Defendant Officers, they cannot testify to this information based on personal knowledge. Fed. R. Evid. 602.

First, the SCDA and RPD's findings themselves (as well as any findings by any other agency) are hearsay if offered at trial to prove that Defendant Officers' conduct was reasonable, justified, and/or within policy. If documentation of the findings and/or conclusions are proffered at trial, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the use of force, the findings and conclusions should alternatively be excluded pursuant to Rules 801 and 802.

/ / /

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial to (A) the post-incident findings by the Shasta County District Attorney's Office including whether to press criminal charges against Defendant Officers; and (B) the post-incident findings of the RPD, Chief of Police, internal affairs, or any Use of Force Review Board related to whether the force was objectively reasonable, necessary, or proportional and the after-acquired information that the SCDA and RPD based their findings on.

Respectfully submitted,

DATED: August 24, 2026 **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*