**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sehatlaw.com
Mónica Reyes-Santiago, Esq. (SBN 339807)
monica.rs@sehatlaw.com
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200 | Fax: (949) 313-5001

*Attorneys for Plaintiff*, CINDY ADAMS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CINDY ADAMS,

Plaintiffs,

v.

CITY OF REDDING, et al.,

Defendants.

Case No. **2:20-cv-01610-TLN (DMC)**

[*Honorable Troy L. Nunley*]
*Magistrate Judge Dennis M. Cota*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 5 TO EXCLUDE PASSENGER INFORMATION AND RIDE-ALONG PERSPECTIVES**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine* & Trial**:
Date: September 14, 2026
Time: 09:30 a.m.
Ctrm: 2
Robert T. Matsui United States Courthouse, 501 I Street, 15th floor, Sacramento, CA 95814350 West 1st Street, 7th Floor
Los Angeles, California 90012

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff CINDY ADAMS hereby move *in limine* for an order excluding any evidence, testimony, argument, reference or inference at trial as to any information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force, including:

A. **Scion Passenger Background Information**: concerning the two passengers of the Scion: (1) Brittany Quay, front passenger, and (2) Sergio Flores, rear-left passenger – any drug or alcohol use or possession, toxicology results; medical records; crimes, wrongs, bad acts, including arrests, convictions, custody/incarcerations, contacts with law enforcement, warrants, violence, fighting, and gambling; and any gun use or possession.

B. **Ride-Along Perspectives, Opinions, and Subjective Fears**: concerning the two ride-alongs present: (1) Babetta Staup, Staup's front passenger, and (2) Skyler Leak, McGinnis' front passenger – any perspective of Adams' conduct not seen or known by Staup, including statements inconsistent with officer testimony; any opinions as to threat, what Adams was thinking, what Adams was trying to do or his intent; and any statements of objective fear.

<u>Skyler Leak testimony lacks credibility and is unduly prejudicial including</u>:

- Ms. Leak's opinion as to whether Adams was not compliant at all without appropriate expertise and that is contradicted by Officer testimony, as Corrigan stated that Adams made several acts of compliance. (Exh. A, Corrigan Depo at 45:23-46:5, 60:21-61:2, 78:6-12.)
- Mr. Leak gives speculative statements as to what she thinks Corrigan was thinking about Adams during the stop, what she thinks the Officers were thinking about whether Adams was alive or not after the shooting, that Officers were thinking Adams was going to try to flee the scene, and her thoughts on whether any officer could see Adams' hands.

- Ms. Leak's statements of the intent of the Officers including why Corrigan used his baton to break the window, and why officers pulled the passengers out of the car.
- Ms. Leak's incredulous and impossible statements that the Scion came right at her in McGinnis' vehicle, right at Mrs. Staup in Staup's vehicle, right at Staup who was to the side of the Scion, ad right at Corrigan and McGinnis who were behind the Scion, even though they were all in different locations.
- Ms. Leak's opinion as to whether Officer commands were "relatively normal" without appropriate expertise.
- Ms. Leak's opinion as to the standard procedure for police officers without appropriate expertise.
- Mr. Leak's speculative statement as to what she thinks Adams understood from Officer commands and whether Adams was confused or not.
- Whether Ms. Leak braced for impact and shielded herself from a collision that never occurred.
- Ms. Leak's thoughts about being in the shoes of Mrs. Staup and whether Ms. Leak was concerned for her and Ms. Leak's hope that Mrs. Staup was not "freaking out", whether she was potentially hurt, whether Ms. Leak feared for Mrs. Staup's safety and whether her heart was racing.
- Mr. Leak's thoughts as to whether Adams would have tried to do something different had he not been shot.
- Ms. Leak's speculative conclusion without foundation that Adams was in a stolen vehicle.
- Ms. Leak's speculative opinion as to what could have prevented the incident.

<u>Babetta Staup's testimony lacks credibility and is unduly prejudicial including</u>:

- Mrs. Staup's comments as to what she thought the officers were trying to do.

- Mrs. Staup's speculative comments that she did not get out of the vehicle because she figured it would be more dangerous, and that her only choice was to stay in the car.
- Whether Mrs. Staup believed the rear passenger was going to get shot.
- Whether Mrs. Staup was feeling scared during this incident or any prior ride-alongs.
- Whether Mrs. Staup was worried about Staup getting hurt.
- Whether Mrs. Staup was glad the Scion did not do anything after Adams was shot (i.e., back up and hit the vehicle again).
- Whether Mrs. Staup was shaking, had tension in her shoulders, had high blood pressure, pain or tightness during or after the incident.
- What Mrs. Staup speculatively thought would happen if Staup did not shot Adams.
- What Mrs. Staup believes Adams was trying to do or thinking.
- Any injuries Mrs. Staup claims to have suffered without providing any medical records including a hurt shoulder, jaw pain and swelling from clenching and jerking of the car.

C. **Improper Waiver of Privilege**: Plaintiff requests an order preventing Mrs. Staup from attempting to assist the Defendants by waiving spousal privilege at trial as to information she learned from Defendant Staup, especially in any area for which she invoked the privilege previously, including why Staup shot Adams. (Exh. E, Mrs. Staup Depo at 47:4-13.)

Plaintiff will suffer undue prejudice if this Motion *in Limine* is not granted because all the above information was either unknown to Defendant Officers at the time of the incident, speculation, lacks foundation, improper opinion, and nevertheless, impermissible character evidence. Further, even if the Officers claim to have suspected some similar information, that testimony should come from the officers only otherwise it is irrelevant or has minimal, if any, probative value, yet carries a substantial danger of unfair prejudice;

confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Officers are liable and the extent of Plaintiff's and Decedent's damages; and includes impermissible character evidence and hearsay. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motion *in Limine* and Exhibits attached thereto, Plaintiff's [Proposed] Orders, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court. This motion is made following an attempt to conference with defense counsel from which no resolution was reached.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Jesse Adams by City of Redding Police Department ("RPD") Officers Kyle Corrigan, Christopher Staup, and Edward McGinnis ("Defendant Officers"). For context, Officer Staup had a ride-along with him in the front passenger seat of his vehicle, his wife, Babetta Staup and Officer McGinnis also had a ride-along in the front passenger seat of his vehicle, Skyler Leak (together referred to as "Ride-Alongs"). In the Scion with Adams were passengers Brittany Quay in the front passenger seat and Sergio Flores in the right-rear seat (together referred to as "Passengers"). By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial regarding (A) any background information as to the Passengers as information unknown to the Defendant Officers including any drug or alcohol use or possession, toxicology results; medical records; crimes, wrongs, bad acts, including arrests, convictions, custody/incarcerations, contacts with law enforcement, warrants, violence, fighting, and gambling; and any gun use or possession (called "Passenger Backgrounds"); (B) the speculative, argumentative, and subjective statements and opinions of the Ride-Alongs as information unknown to the Defendant Officers, and improper opinion including their perspectives or observations that were unknown to the Officers (called "Ride-Along Perspectives"). Additionally, by this Motion, (C) Plaintiff requests an order preventing Mrs. Staup from attempting to assist the Defendants by waiving spousal privilege at trial as to information she learned from Defendant Staup, especially in any area for which she invoked the privilege previously, including why Staup shot Adams (called "Waiving Privilege"). All this information was unknown to the Defendant Officers at the time of their use of excessive and unreasonable force against Adams, therefore rendering it irrelevant, but nevertheless is substantially outweighed by the risk of unfair prejudice and impermissible character evidence and hearsay.

The central issue in this case is whether the force used against Adams by Defendant Officers was excessive or unreasonable. The analysis is limited to information known to Defendant Officers at the time the force was used. Defendant Officers did not know the Ride-Alongs' perspectives (observations, intents, thought, feelings, emotions, beliefs, and opinions) nor did the Ride-Alongs know the Officers' perspectives (observations, intents, thought, feelings, emotions, beliefs, and opinions). Defendants should not be permitted to present a theory of the case based on hindsight evidence. Such evidence is hearsay, speculative, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff and Decedent and deprive Plaintiff of a fair trial. Thus, for the following reasons, Plaintiff respectfully requests the Court issue an order excluding Passenger Backgrounds and Ride-Along Perspectives and requests the giving of a Negative Inference Instruction.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983). After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty*., 673 F.3d 864, 873 (9th Cir. 2011); 9th Cir. Mod Jury Inst. 9.27.

In light of how the jury will be instructed and given great weight from the Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and

circumstances that the Officers were not confronted with at the time they made the decision to use force against Adams would be improper. Evidence of facts and circumstances unknown to the Officers at the time of their use of force—including (**A**) Passenger Backgrounds and (**B**) Ride-Along Perspectives—are irrelevant and inadmissible because it was not part of the totality of the circumstances facing the Officers at the time. Thus, any argument that this information is relevant fails. Thus, testimony and exhibits related to the same did not play in the totality of circumstances confronting the Officers when using force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008).

The Defendant Officers knew nothing about the Passengers and did not have the information or perspectives of the Ride-Alongs. Therefore, this irrelevant unknown information was not part of the totality of the circumstances facing the Officers at the time of the Officers' use of excessive and unreasonable force and should be excluded.

## III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, (**A**) **Passenger Backgrounds** including any drug or alcohol use or possession, toxicology results; medical records; crimes, wrongs, bad acts, including arrests, convictions, custody/incarcerations, contacts with law enforcement, warrants, violence, fighting, and gambling; and any gun use or possession, cannot be used to prove that Adams acted in some general "bad character" during the incident, or would somehow act in some bad character in the future if he would have lived. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for

character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. Admission of Passenger Background information, gathered after the incident—poses a substantial danger that the jury will (1) improperly infer that the Officers knew this information, (2) will improperly infer that Adams had the propensity to act violently or in violation of the law, or have some other form of propensity to act a certain way, and (3) will reach a verdict that does not reflect the circumstances facing the Officers at the time and/or minimize Plaintiff's damages on improper basis.

The aforementioned evidence cannot be used to show Adams' character or that he acted in conformity therewith. Admission of such evidence would be nothing more than a backdoor attempt to tarnish Adams' character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

## IV. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

It is axiomatic that evidence of drug or alcohol use, criminal history, "bad acts" or wrongs in personal history, has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's

anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Plaintiffs submit that evidence **(A) Passenger Backgrounds** and **(B) Ride-Along Perspectives** can only serve to unjustly inflame a jury's passions and prejudices against Adams. *See generally, Gregory v. Oliver*, 2003 WL 1860270, at *1, 2 (N.D. Ill. Apr. 9, 2003); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008); *Wisler v. City of Fresno*, 2008 WL 2954179, *5 (E.D. Cal., July 22, 2008); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995).

The jury should not be misled to believe that (A) Passenger Backgrounds or (B) Ride-Along Perspectives is at issue—the jury should properly remain focused on the Officers' conduct and information known to them. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police). Evidence of (A) Passenger Backgrounds or (B) Ride-Along Perspectives can only serve to unjustly inflame a jury's passions and prejudices against Adams. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003); *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009). This inflammatory evidence is likely to mislead and confuse the jury into reaching a verdict that reflects its consideration of unrelated crimes, wrongs, and bad acts and/or hindsight evidence from other untrained persons perspectives, as a reason justifying the use of force on an improper basis. See Fed. R. Evid. 403.

Further, it would be highly prejudicial for Defendants to have Mrs. Staup invoke spousal privilege during discovery, as she did here, then waive the privilege by her testimony at trial. *Id*. This trial by surprise method should not be permitted. Information

Mrs. Staup learned after the incident from Staup should be excluded from trial. Staup's observations will be given to the jury by Staup, there is no justification for Mrs. Staup to reiterate that hearsay information. Fed. R. Evid. 801, 802.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Adams posed an immediate threat of death or serious bodily injury to anyone when the Officers used excessive and unreasonable force against him, from a reasonable officer perspective confined to the information known to the officer at the time. Refuting the inferences of drugs, alcohol, crimes, and bad acts of the Passengers and improper, speculative, and subjective opinions, thoughts, feeling, and beliefs of the Ride-Alongs, will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. Accordingly, Plaintiffs respectfully request that the Court also exclude evidence and argument regarding information unknown under Rule 403.

## V. IMPROPER OPINION OF RIDE-ALONGS SHOULD BE EXCLUDED

The Federal Rule of Evidence allows law opinion only

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Here, the Ride-Alongs, both lay witnesses, not police officers, attempt to provide a series of opinions that are not rationally based on their perception, not helpful to the jury in determining a fact, and would require expert testimony including: whether Adams was not

compliant; Ride-Along opinion as to what Adams was thinking, understood, intending, planning, or what he would have done in a different scenario; Ride-Along opinion as to what Officers were thinking, intending, and planning; Ride-Along opinion as police practice and procedure; Ride-Along opinion as to what the other Ride-Along was thinking; and Ride-Along opinion as to injuries and their cause. These opinion and statements by Ride-Alongs, as stated herein including in Plaintiff's notice of motion, and any other opinions and statements these witnesses may come up with at the time of trial, are not based on personal knowledge, but lack foundation and call for speculation. Fed. R. Evid. 403, 602. Therefore, opinion testimony from Ride-Alongs should be excluded from trial and Ride-Alongs should be admonished by counsel and Court prior to testifying as to the limitation on what they are permitted to testify to.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial as to (**A**) Passenger Backgrounds; (**B**) Ride-Along Perspectives; (**C**) Prejudicial Waiver of Privilege.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*