**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118
**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sehatlaw.com
Mónica Reyes-Santiago, Esq. (SBN 339807)
monica.rs@sehatlaw.com
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200 | Fax: (949) 313-5001
*Attorneys for Plaintiff*, CINDY ADAMS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CINDY ADAMS,

Plaintiff,

vs.

CITY OF REDDING, et al.,

Defendants.

Case No.: **2:20-cv-01610-TLN (DMC)**

[*Honorable Troy L. Nunley*]
*Magistrate Judge Dennis M. Cota*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 6 TO EXCLUDE OPINIONS OF DEFENSE EXPERT JARED ZWICKEY**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine* & Trial**:
Date: September 14, 2026
Time: 09:30 a.m.

Ctrm: 2
Robert T. Matsui United States Courthouse, 501 I Street, 15th floor
Sacramento, CA 95814

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff CINDY ADAMS hereby moves *in limine* for an order excluding the testimony of Defendants' retained police practices expert Jared Zwickey on the following grounds:

1. Mr. Zwickey repeatedly gives improper <u>legal conclusions</u> and <u>ultimate issue</u> opinions throughout his Rule 26 Report including probable cause, reasonable suspicion, violation of penal codes and violation of vehicles codes. These comments and opinions invade the province of the Court including: Opinion 4, duty to comply (Exh F, Zwickey Report at 14); Opinion 5, duty to possess driver's license and comply (*Id.*); Opinion 8, probable cause (*Id.* at 15); Opinion 9, reasonable suspicion (*Id.* at 18); discussion fo PC §§148, 241, 245, 12025, 197, VC §40302, and *Tennesee v. Garner* (*Id.* at 47-49); Opinions on Ultimate Issue

2. Mr. Zwickey's speculative factual determinations invading the province of the jury including: Opinions 15 claiming that "there is no evidence" as to Staup's use of deadly force endangering the passengers; Opinion 17 that "there is no evidence" as to officers blocking the Scion; and Opinion 20 that "there is no evidence" as to officers delaying medical assistance. (Exh. F, Zwickey Report at 47.) Mr. Zwickey is in no position to opine that no evidence exists as to anything.

3. Mr. Zwickey's speculative statements and improper opinions formed on an improper basis and with unreliable methodology including reliance on information unknown to Defendant Offices (see Plaintiff's Motions in Limine Nos. 1-5), including: that McGinnis knew that if Adams drove backwards, he would be hit or dragged and would be severely injured or killed (Exh F, Zwickey Report at 6); that all three officers were standing in danger of being struck by Adams (despite them all being in different locations) (*Id.* at 6); fear in ride-along's eyes (*Id.* at 7); Leak's fear that the Scion was coming towards her (*Id.* at 8); Leak's fear for Staup's passenger (*Id.* at 9); Leak's opinion of whether Adams would be shot under different

circumstances (*Id*. at 9); whether Staup passenger believed Adams refused to unlock doors or roll down window (*Id*. at 10); whether Staup passenger "knew" the patrol car would be struck (*Id*. at 10); that Staup's passenger "knew" Adams was determined to get out of the parking lot (*Id*. at 10); whether Staup's passenger was scared, afriad of being shot by Adams, afraid Adams might back up and ram vehicle again (*Id*. at 11); whether Adams would have done anything if he could have, and whether Adams did not care (*Id*. at 11); Opinion 4, whether Adams knew or should have known that he was being contacted by police (*Id*. at 14); Opinion 5, refusal to comply adds urgency and a sense of peril (*Id*. at 14); and Opinion 7, willful and intentional resistance (*Id*. at 15).

Plaintiff seeks to exclude opinions of and/or limit Mr. Zwickey's testimony based on insufficient facts and data and would be unreliable, speculative, with an improper methodology, and not helpful to the jury. Specifically including legal conclusions, credibility deterinations, opinions outside of expertise and opinions formed on an improper basis and with unreliable methodology, and speculative opinions regarding subjecive states of mind. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); FRE 403, 702, 703.

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court. This motion is made following an attempt to conference with counsel from which no resolution was reached regarding these subject areas.

Respectfully submitted,

DATED: August 24, 2026 **LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This officer-shooting-driver action arises from the unjustified killing of Jesse Adams on December 22, 2019, by City of Redding Police Officers Kyle Corrigan, Christopher Staup, and Edward McGinnis. When Officer Staup shot Adams without warning, Adams was unarmed, in the driver seat of the stopped Scion that was being blocked by officer vehicles and not about to move, with no one in the path of the Scion or about to be run over by it. Adams did not pose an immediate threat of death or serious bodily injury to anyone. Importantly, the reality is that Staup overreacted in using deadly force because the Scion collided with his vehicle where his wife ride-along at 3:00 a.m. was a distraction to him. In a loss of self-control, Staup shot and killed Adams.

The claims going to trial include (1) violation of the Fourth Amendment, excessive force, pursuant to 42 U.S.C. §1983; (2) municipal liability for unconstitutional custom, practice, or police, pursuant to 42 U.S.C. §1983; (3) municipal liability for failure to train, pursuant to 42 U.S.C. §1983; (4) municipal liability for ratification, pursuant to 42 U.S.C. §1983; (5) battery; (6) negligence; and (7) violation of the Bane Act.

By way of the instant motion *in limine*, Plaintiff moves to exclude the testimony of Defendants' retained police practices expert Jared Zwickey, on the grounds that his opinions and testimony are not helpful to the jury, usurp the province of the jury, usurp the province of the Court, outside of his expertise, unsupported basis without sufficient facts and data, unreliable methodology, and based on speculative theory, ipse dixit, and not facts relevant to this matter. Thus, Plaintiff seeks to exclude Mr. Zwickey from testifying as to the following: legal conclusions, ultimate issues opinions, and opinions based on speculation and information unknown. *See* Fed. R. Evid. 402, 403, 404, 702, 703, 802.

/ / /

## II. LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). To be admissible, expert testimony must generally satisfy a two-prong test, reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) (footnote omitted). To establish relevance, the testimony must be helpful to the trier of fact and beyond the common knowledge of jurors. *Daubert*, 509 U.S. at 597. Rule 702 requires courts to assess the reliability of expert testimony based on scientific, technical, or "other specialized" knowledge before admitting it. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the *Daubert* gatekeeping requirement to "technical" and "other specialized" knowledge).

The proponent of the expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("[i]t is the proponent of the expert who has the burden of proving admissibility"); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the expert's findings are based on sound science"). Assessment of the expert's qualifications to testify is not answered in the abstract but based on whether the expert's "qualifications provide a foundation for a witness to answer a specific question." *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997) (internal quotations omitted). The court determines whether the expert's training and qualifications relate to the specific subject matter of his proposed testimony.

A court may satisfy its "gatekeeping" function by conducting a pretrial hearing, or by ruling on a Rule 702 objection at trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver*

*& Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). Although "the gatekeeper inquiry under Rule 702 is ultimately a flexible determination, ... a district court, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel*, 215 F.3d at 1088 (citation omitted). To establish reliability, the testimony must be derived from valid scientific knowledge, the witness must possess sufficient expertise, and the state of pertinent scientific knowledge must permit the assertion of a reasonable opinion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Testimony is grounded in valid knowledge if it is "based on the methods and procedures of science [or other expertise] rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *Reger v. A.I. DuPont Hosp. for Children of Nemours Foundation*, 259 Fed.Appx. 499, 500, 2008 WL 84540, 1 (3rd Cir. 2008) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003), and *Daubert*, 509 U.S. at 590 (to qualify as scientific knowledge, "an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation – *i.e.*, "good grounds," based on what is known.").

Federal Rule of Evidence 702 allows opinion testimony by an expert only if the expert is qualified by knowledge, skill, experience, training, or education and only if: (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The issue here is not whether Mr. Zwickey is an experienced member of a law enforcement agency. Rather, the first question for the Court is whether his proffered testimony "will help the trier of fact to understand the evidence or to determine a fact

in issue." The next question is whether there is a reliable methodology applied to reach the opinions offered. Mr. Zwickey's identified opinions fails both.

## III. MR. ZWICKEY'S OPINIONS SHOULD BE EXCLUDED FROM TRIAL

### A. Mr. Zwickey's Legal and Ultimate Issues Opinions Are Inadmissible

Mr. Zwickey acknowledges and repeats that *Graham v. Connor*, 490 U.S. 386 (1989) set the legal standard of objective reasonableness for examining use of force cases. He then injects *his opinion* that the force used was "reasonable." (Exh. F, Zwickey Report at 47-53). Further, there is little a juror could gain from Mr. Zwickey's legal opinion or interpretation of *Graham* or Ninth Circuit law (*Id.*) when the Court instructs the jury on the legal standard for this matter.

Mr. Zwickey's continuous impermissible legal conclusions include the following: defining Penal Code §148 (*Id.* at 47); defining Penal Code §241 (*Id.* at 48); defining Penal Code §245 (*Id.* at 48); defining Penal Code §12025 (*Id.* at 48); defining Vehicle Code §40302 (*Id.* at 48); legal analysis of *Graham v. Conner* (*Id.* at 48-49); legal analysis of *Tennessee v. Garner* (*Id.* at 49); defining Penal Code §197 (*Id.* at 49); defining Penal Code §835a (*Id.* at 49); and speculative analysis of the objective or using force as if to infer it was Staup's subjective intent (*Id.* at 51-52).

"Police practices experts may only testify as to whether an action confirmed with a reasonable standard of practice, not whether the particular officer's action was reasonable under the specific circumstances he faced." *Shirar v. Guerrero,* No. ED-cv-13906-JGB-DTBx, 2017 WL 6001270, at *5 (C.D. Cal. Aug. 2, 2017).

Mr. Zwickey's opinions are impermissible legal conclusions that invade the province of the jury and the Court. Thus, Mr. Zwickey's opinions do not appear helpful to "understand the evidence or to determine a fact in issue" as required under FRE 702(a). Accordingly, Mr. Zwickey's legal opinions should be excluded.

**B. Mr. Zwickey's Speculative Determinations Should Be Excluded At Trial**

Mr. Zwickey reviewed 27 documents listed in his report which form the factual basis of his opinions. (Exh. F, Zwickey Report at 4-5.) Yet, Mr. Zwickey attempts to proclaim that "there is no evidence" in existence to support a conclusion that Staup's use of deadly force endangering the passengers, officers blocking the Scion with their vehicles, and officers delaying medical assistance. (*Id*. at 47.) Mr. Zwickey is in no position to opine that no evidence exists as to anything. Mr. Zwickey does not have personal knowledge as to all things that may be evidence in this matter. Thus, his three corresponding opinions should be excluded as a lack of personal knowledge. Fed. R. Evid. 602. Further, Mr. Zwickey's opinions are not admissible because they are not based on sufficient facts and data and there is no reliable principle or method identified or logically feasible for his opinions. Fed. R. Evid. 702.

Here, it is obvious that Staup endangered Ms. Quay, the front passenger in the Scion, when Staup fired his weapon at Adams from the driver's side of the Scion with Ms. Quay directly in the backdrop. Secondly, the officers admit that they used their vehicles to block the driveway. In fact, in Mr. Zwickey's Incident Summary is specifically states, "Officers Staup and McGinnis parked their patrol cars in a way that blocked the parking lot exit." (*Id*. at 5.) Finally, there is evidence that Officers delayed medical care. Defendants waited for backup officers to arrive prior to even removing Adams from the vehicle. (Exh. B, Staup Depo at 75:12-17.)

Mr. Zwickey's three opinions as to whether there is no evidence and any other opinions as to whether there is no evidence should be excluded from trial. The jury should not be misled to believe that Plaintiff cannot meet the burden of proof despite a showing of evidence, merely because a police practices expert states that no evidence exists. See. Fed. R. Evid. 403.

### C. Speculative Statements and Improper Opinions Should Be Excluded

"'An expert's opinions that are without factual basis and are based on speculation or conjecture'" are inappropriate. *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181 (9th Cir. 2010), *on reh'g en banc sub nom. California ex rel. Harris v. Safeway, Inc.*, F.3d 118 (9th Cir. 2011) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri P.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001).

Several of Mr. Zwickey's statements and opinions are based not on speculation, lack foundation, opinions formed from information unknown, and opinions formed without reliable principles and methodologies, including: that McGinnis somehow "knew" that if Adams drove backwards, he would be hit or dragged and would be severely injured or killed (Exh F, Zwickey Report at 6), yet the Scion did go backwards and McGinnis was not hit, dragged, severely injured or killed; that all three officers were standing in danger of being struck by Adams, despite three officers being in different locations thus factually impossible for them to simultaneously be in danger of being struck by the Scion (*Id*. at 6); fear in ride-along's eyes (*Id*. at 7), which was unknown to Staup, yet still irrelevant and unduly prejudicial; Leak's fear that the Scion was coming towards her (*Id*. at 8), which was unknown to Staup, yet still irrelevant and unduly prejudicial especially considering that the Scion was not going towards McGinnis' vehicle; Leak's fear for Staup's passenger (*Id*. at 9), which was unknown to Staup, yet still irrelevant and unduly prejudicial; Leak's opinion of whether Adams would be shot under different circumstances (*Id*. at 9), which was unknown to Staup, yet still irrelevant and unduly prejudicial, and speculative; whether Staup's passenger believed Adams refused to unlock doors or roll down window (*Id*. at 10), which was unknown to Staup, yet still

irrelevant and unduly prejudicial; whether Staup's passenger "knew" the patrol car would be struck (*Id*. at 10); that Staup's passenger "knew" Adams was determined to get out of the parking lot (*Id*. at 10); whether Staup's passenger was scared, afriad of being shot by Adams, afraid Adams might back up and ram vehicle again (*Id*. at 11); whether Adams would have done anything if he could have, and whether Adams did not care (*Id*. at 11), which is speculation, irrelevant and unduly prejudicial; Opinion 4, whether Adams knew or should have known that he was being contacted by police (*Id*. at 14), which is speculation, irrelevant and unduly prejudicial; Opinion 5, refusal to comply adds urgency and a sense of peril (*Id*. at 14), which is speculation, irrelevant and unduly prejudicial; and Opinion 7, willful and intentional resistance (*Id*. at 15), which is speculation, irrelevant and unduly prejudicial. Fed. R. Evid. 401, 403, 602, 702.

"[A]n expert's opinion that something could be true if certain assumed facts are true, without any foundation for concluding those assumed facts exist in the case before the jury, does not provide assistance to the jury because the jury is charged with determining what occurred in the case before it, not hypothetical possibilities." *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 577 (2015); *Johnson v. Memphis Light Gas & Water Div.*, 695 F. App'x 131, 137 (6th Cir. 2017); *McCoy v. Whirlpool Corp.*, 287 F. App'x 669, 677 (10th Cir. 2008); *Zuchowicz v. United States*, 140 F.3d 381, 389 (2d Cir. 1998); *Richardson by Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 829 (D.C. Cir. 1988); *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1137 (5th Cir. 1985).

"When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993). Accordingly, Mr. Zwickey statements and opinion should be excluded from trial.

Further, Fed. R. Civ. P. 26(a)(2) requires that experts provide a report that

must contain a complete statement of all opinions and the basis and reasons for them. Here, Mr. Zwickey cursorily adds 17 opinions with no discernable methodology, reliability, or factual basis. (Exh. F, Zwickey Report at 14-15, 18, 46-47—Opinions 1-7, 9-10, 12-19.) These opinions will not be helpful to the jury and should be excluded from trial.

## IV. CONCLUSION

Defense expert Edward T. Zwickey's statements and opinions identified herein and any similar statements or opinions he may attempt to offer should be excluded from trial pursuant to Fed. R. Evid. 702. His opinions will not help the jury in resolving the issues of facts presented, are not based on sufficient facts, nor are they the product of reliable principles and methods, are outside of his expertise and usurp the function of the Court and jury.

Respectfully submitted,

DATED: August 24, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: *\/s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*