# "EXHIBIT C"

DERICK E. KONZ, ESQ., SBN 286902
Email: dkonz@akk-law.com
DANIELLE J. WILLIAMS, ESQ., SBN 317229
Email: dwilliams@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendant CITY OF REDDING, CHRISTOPHER STAUP, EDWARD McGINNIS and KYLE CORRIGAN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, et al.,<br><br>Defendants. | Case No.: 2:20-cv-01610-TLN-DMC<br><br>**DEFENDANT STAUP'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE** |

PROPOUNDED BY: Plaintiff CINDY ADAMS

RESPONDED BY: Defendant CHRISTOPHER STAUP

SET NUMBER: ONE (1)

**INTRODUCTION**

Comes now Defendant, CHRISTOPHER STAUP in response to Plaintiff CINDY ADAMS' Request for Admissions, Set One and states that the defendant has not yet completed investigation of the facts relating to this case and has not yet completed discovery for this action and has not yet completed preparation for trial. The following responses are given without

prejudice to defendant's right to produce evidence of any subsequently-discovered facts or any inadvertently omitted facts. In responding to these Requests, you have been furnished with such information as is presently available. This may include hearsay and other forms of evidence which are neither reliable nor admissible in evidence.

**RESPONSES TO REQUEST FOR ADMISSIONS**

**REQUEST NO. 1:**

Admit that YOU used deadly force on JESSE ADAMS on December 22,2019.

**RESPONSE:**

Admit.

**REQUEST NO. 2:**

Admit that JESSE ADAMS was injured on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 3:**

Admit that YOU caused JESSE ADAMS an injury on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 4:**

Admit that JESSE ADAMS was harmed on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 5 :**

Admit that YOU caused JESSE ADAMS harm on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 6:**

Admit that JESSE ADAMS died on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 7:**

Admit that YOU were a cause of JESSE ADAMS' death.

**RESPONSE:**

Admit.

**REQUEST NO. 8:**

Admit that YOU fired a shot from YOUR firearm at JESSE ADAMS on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO.9:**

Admit that YOU fired the shot at JESSE ADAMS intentionally.

**RESPONSE:**

Admit.

**REQUEST NO. 10:**

Admit that YOU intended for the bullet YOU fired from YOUR firearm to strike JESSE ADAMS.

**RESPONSE:**

Admit.

**REQUEST NO.11:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had a history of drug use.

**RESPONSE:**

Objection that "history of drug use" is vague. Without waiver of objection, deny because there was suspicion that Jesse Adams' may have been under the influence of an illegal substance on the night of the incident based on his behavior. Admit that there was no information about his drug use prior to the night of the incident.

**REQUEST NO.12:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may have had a history of drug use.

**RESPONSE:**

Objection that "history of drug use" is vague. Without waiver of objection, there was suspicion that he was under the influence of an illegal substance on the night of the incident that may have been contributing to his other behavior which created the totality of circumstances that caused Defendant to use force. Admit that force was not used solely because of drug use suspicion.

**REQUEST NO.13:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not know whether JESSE ADAMS was under the influence of any drug.

**RESPONSE:**

Admit.

**REQUEST NO. 14:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may be under the influence of any drug.

**RESPONSE:**

Admit that this was not the sole reason, however, it was suspected that Jesse Adams may have been under the influence of drugs and that this may have been contributing to his other behavior which created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO. 15:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had a history of alcohol use.

**RESPONSE:**

Objection that "history of alcohol abuse" is vague. Without waiver of objection, deny because there was suspicion that Jesse Adams' may have been under the influence of alcohol on the night of the incident based on his behavior. Admit that there was no information about his alcohol use prior to the night of the incident.

**REQUEST NO. 16:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may have had a history of alcohol use.

**RESPONSE:**

Objection that "history of alcohol abuse" is vague. Without waiver of objection, admit that Jesse Adams' suspected intoxication on the night of the incident was not the sole reason, however, it was suspected that Jesse Adams may have been under the influence of alcohol and that this may have been contributing to his other behavior that created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO. 17:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not know whether JESSE ADAMS was under the influence of alcohol.

**RESPONSE:**

Admit.

**REQUEST NO. 18:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may be under the influence of alcohol.

**RESPONSE:**

Admit that this was not the sole reason, however, it was suspected that Jesse Adams may have been under the influence of alcohol and that this may have been contributing to his other behavior which created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO.19:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had any criminal history.

**RESPONSE:**

Objection that "criminal history" is vague. Without waiver of objection, deny.

**REQUEST NO.20:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had any violent history.

**RESPONSE:**

Objection that "violent history" is vague. Without wavier of objection, deny.

**REQUEST NO. 21:**

Admit that YOU did not use force on JESSE ADAMS because of JESSE ADAMS' criminal history.

**RESPONSE:**

Objection that "criminal history" is vague. Without waiver of objection, deny because his prior behavior was part of the totality of the circumstances.

**REQUEST NO.22:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS owned a firearm.

**RESPONSE:**

Admit.

**REQUEST NO. 23:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any specific information as to whether JESSE ADAMS was armed with a firearm.

**RESPONSE:**

Objection that "specific information" is vague. Admit that Defendant did not know that Jesse Adams had a firearm on the passenger side floorboard at the time the shot was fired, although it was suspected given that Defendant observed Jesse Adams reach for something on the passenger side floorboard just before shots were fired.

**REQUEST NO. 24:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any specific information as to whether JESSE ADAMS had access to a firearm.

**RESPONSE:**

Objection that "specific information" is vague. Admit that Defendant did not know that Jesse Adams had a firearm on the passenger side floorboard at the time the shot was fired, although it was suspected given that Defendant observed Jesse Adams reach for something on the passenger side floorboard just before shots were fired.

**REQUEST NO.25:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information about JESSE ADAMS' history.

**RESPONSE:**

Objection that "history" is vague. Without waiver of objection, deny.

**REQUEST NO.26:**

Admit that YOU were not disciplined by any person or agency for YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO. 27:**

Admit that YOU were not required to repeat any training specifically as a result of YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO. 28:**

Admit that YOU were not required to undergo any additional training specifically as a result of YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO.29:**

Admit that CITY agents concluded that the YOUR conduct (i.e., actions and

inactions) related to this INCIDENT did not violate any Redding Police Department policy.

**RESPONSE:**

Admit.

**REQUEST NO.30:**

Admit that the CITY requires its officers to know CITY policies.

**RESPONSE:**

Admit.

**REQUEST NO.31:**

Admit that the CITY requires its officers to know basic POST training.

**RESPONSE:**

Objection that “basic POST training” is vague. Without waiver of objection, admit that Defendant is required to follow POST training.

**REQUEST NO.32 :**

Admit that to YOUR knowledge, the CITY has not changed any policies as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO. 33:**

Admit that to YOUR knowledge, the CITY has not changed any training as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO.34:**

Admit that the CITY has not changed any training as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO. 35:**

Admit that JESSE ADAMS did not run any stop signs during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams ran any stop signs that night. Admit that this Defendant did not personally observe Jesse Adams run a stop sign.

**REQUEST NO. 36:**

Admit that JESSE ADAMS did not run any stop lights during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams ran any stop lights that night. Admit that this Defendant did not personally observe Jesse Adams run a stop light.

**REQUEST NO.37:**

Admit that JESSE ADAMS did not drive on the wrong side of the road during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams drove on the wrong side of the road that night. Admit that this Defendant did not personally observe Jesse Adams drive on the wrong side of the road.

**REQUEST NO.38:**

Admit that this INCIDENT did not involve a high-speed vehicle pursuit.

**RESPONSE:**

Objection that "high-speed vehicle pursuit" is vague. Without waiver of objection, admit.

**REQUEST NO.39 :**

Admit that YOU never thought that the white Scion ran over any officer or person during the INCIDENT.

**RESPONSE:**

Deny.

**REQUEST NO. 40:**

Admit that it was a violation of CITY policy to have a ride along in YOUR vehicle with YOU at 3:00 a.m. on December 22, 2019.

**RESPONSE:**

Objection that this request invades the attorney client privilege and calls for a legal conclusion. Without waiver of objection, deny.

**REQUEST NO. 41:**

Admit that according to YOUR training and experience at the time of the INCIDENT, it is better to let a vehicle flee than to use an officer vehicle to block the path of the vehicle.

**RESPONSE:**

Objection that this request is vague and constitutes an incomplete hypothetical. Defendant lacks sufficient information to admit or deny.

**REQUEST NO.42:**

Admit that according to YOUR training and experience at the time of the INCIDENT, an officer should never use his or her patrol vehicle to block the path of a fleeing vehicle when the officer vehicle is occupied by a civilian ride along.

**RESPONSE:**

Objection that this request is vague and constitutes an incomplete hypothetical. Defendant lacks sufficient information to admit or deny.

**REQUEST NO.43:**

Admit that JESSE ADAMS did not attempt to punch or kick YOU or any other officer or person prior to YOUR use of deadly force against JESSE ADAMS during the INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams attempted to punch or kick anyone that night. Admit that this Defendant did not personally observe Jesse Adams punch or kick anyone that night.

**REQUEST NO.44:**

Admit that JESSE ADAMS did not verbally threaten YOU or any other officer of person prior to YOUR use of deadly force against JESSE ADAMS during the INCIDENT.

**RESPONSE:**

Objection that "verbally threaten" is vague. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams committed a Penal Code § 422 violation against anyone on that night. Admit that this Defendant did not personally observe Jesse Adams commit a Penal Code § 422 violation that night.

**REQUEST NO.45 :**

Admit that the white Scion did not push any police vehicle into any officer or person during this INCIDENT.

**RESPONSE:**

Admit.

Dated: January 6, 2023

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*

By:____________________________________

DERICK E. KONZ
DANIELLE J. WILLIAMS
Attorneys for Defendants

CASE NAME: *Adams v. City of Redding, et al.*
COURT: USDC Eastern District
CASE NO. *2:20-cv-01610-TLN-DMC*

**PROOF OF SERVICE**

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On January 6, 2023, I served the parties in this action listed below the following document(s) described as: **DEFENDANT STAUP'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

The above-named document(s) were served by the following means (*specify*):

☒ BY ELECTRONIC SERVICE (to individual persons) - By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth below, based on court order or agreement of the parties to accept service via electronic transmission. The email address I used to transmit these documents is rkhan@akk-law.com on this date. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. (CRC 2.260 or Fed.R.Civ.P.5(b)(E); Civ. Proc. section 1010.6.)

SERVICE LIST

Attorneys for Plaintiff:
Cameron Sehat
The Sehat Law Firm
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200
Fax: (949) 313-5001
cameron@sethatlaw.com

Dale Galipo
Marcel F. Sincich
The Law Office of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
dalekgalipo@yahoo.com
msincich@galipolaw.com

☒ (*Federal*) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 6, 2023 at Sacramento, California.

/s/ Rimsha Khan

RIMSHA KHAN