# "EXHIBIT D"

DERICK E. KONZ, ESQ., SBN 286902
Email: dkonz@akk-law.com
DANIELLE J. WILLIAMS, ESQ., SBN 317229
Email: dwilliams@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendant CITY OF REDDING, CHRISTOPHER STAUP, EDWARD McGINNIS and KYLE CORRIGAN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, et al.,<br><br>Defendants. | Case No.: 2:20-cv-01610-TLN-DMC<br><br>**DEFENDANT CORRIGAN'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE** |

PROPOUNDED BY: Plaintiff CINDY ADAMS

RESPONDED BY: Defendant KYLE CORRIGAN

SET NUMBER: ONE (1)

**INTRODUCTION**

Comes now Defendant, KYLE CORRIGAN in response to Plaintiff CINDY ADAMS' Request for Admissions, Set One and states that the defendant has not yet completed investigation of the facts relating to this case and has not yet completed discovery for this action and has not yet completed preparation for trial. The following responses are given without prejudice to defendant's

right to produce evidence of any subsequently-discovered facts or any inadvertently omitted facts. In responding to these Requests, you have been furnished with such information as is presently available. This may include hearsay and other forms of evidence which are neither reliable nor admissible in evidence.

**RESPONSES TO REQUEST FOR ADMISSIONS**

**REQUEST NO. 1:**

Admit that YOU stopped a white Scion driven by JESSE ADAMS on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 2:**

Admit that YOU stopped the white Scion because it changed lanes without signaling and decelerated.

**RESPONSE:**

Generally admit. See Defendant's deposition transcript at 35:23-47:21, incorporated herein.

**REQUEST NO. 3:**

Admit that when YOU stopped the white Scion, YOU were not responding to a serious crime.

**RESPONSE:**

Objection that "serious crime" is vague. Without waiver of objection, admit that the stop was not for the purpose of a *felony* investigation.

**REQUEST NO. 4:**

Admit that when YOU stopped the white Scion, YOU were not responding to a violent crime.

**RESPONSE:**

Objection that "violent crime" is vague. Without waiver of objection, admit that the stop was not for the purpose of a *felony* investigation.

**REQUEST NO. 5 :**

Admit that when YOU decided to stop the white Scion, YOU did not have reasonable suspicion to believe the vehicle was stolen.

**RESPONSE:**

Objection that this calls for a legal conclusion and invades the attorney-client privilege. Without waiver of objection, admit that, prior to the traffic stop, Defendant had no information that the vehicle was stolen.

**REQUEST NO. 6:**

Admit that when YOU decided to stop the white Scion, YOU did not have reasonable suspicion to believe any occupant of the vehicle was wanted for a crime.

**RESPONSE:**

Objection that "wanted for a crime" is vague, this calls for a legal conclusion, and invades the attorney-client privilege. Without waiver of objection, deny because Defendant had information that the driver had violated the law.

**REQUEST NO. 7:**

Admit that when YOU decided to stop the white Scion, YOU did not have any information that any occupant of the vehicle had ever harmed any person.

**RESPONSE:**

Admit.

**REQUEST NO. 8:**

Admit that YOU used force on JESSE ADAMS on December 22, 2019.

**RESPONSE:**

Objection that "force" is vague. Without waiver of objection, admit that Defendant grabbing his left wrist, which Jesse Adams pulled away, and delivered a burst of pepper spray. See Defendant's deposition transcript at 89:10-91:1 and 92:4-12, incorporated herein.

**REQUEST NO.9:**

Admit that JESSE ADAMS was not being assaultive with YOU or any other officer or person prior to YOUR use of force on JESSE ADAMS during the INCIDENT.

**RESPONSE:**

Objection that "assaultive" is vague. Without waiver of objection, admit that Defendant had no information that Jesse Adams committed a Penal Code § 240 violation before Defendant grabbed Mr. Adams' left wrist.

**REQUEST NO. 10:**

Admit that JESSE ADAMS did not attempt to punch or kick YOU or any other officer or person prior to YOUR use of force on JESSE ADAMS during the INCIDENT.

**RESPONSE:**

Defendant does not have sufficient knowledge or information to know what Jesse Adams "attempted," but admit that Defendant did not observe Jesse Adams punch or kick an officer.

**REQUEST NO.11:**

Admit that JESSE ADAMS did not verbally threaten YOU or any other officer or person prior to YOUR use of force on JESSE ADAMS during the INCIDENT.

**RESPONSE:**

Objection that "verbally threaten" is vague. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams committed a Penal Code § 422 violation against anyone on that night. Admit that this Defendant did not personally observe Jesse Adams commit a Penal Code § 422 violation that night.

**REQUEST NO.12:**

Admit that YOU struck the driver window of the white Scion with YOUR metal baton causing it to shatter.

**RESPONSE:**

Admit.

**REQUEST NO.13:**

Admit that it was not necessary for YOU to strike the driver window of the white Scion with YOUR metal baton causing it to shatter.

**RESPONSE:**

Objection that "necessary" is vague and this invades the attorney client privilege. Without waiver of objection, admit that Defendant thought it was reasonable.

**REQUEST NO. 14:**

Admit that YOU had other options besides striking the driver window of the white Scion with YOUR metal baton causing it to shatter.

**RESPONSE:**

Admit.

**REQUEST NO. 15:**

Admit that when YOU used force on JESSE ADAMS, there were no other civilian (non-officer) cars in the area at the time.

**RESPONSE:**

Objection that "in the area" is vague. Without waiver of objection, admit that there were no other civilian cars in that parking lot.

**REQUEST NO. 16:**

Besides the ride along persons the officers brought to the scene, admit that there were no civilians in the area at the time YOU used force on JESSE ADAMS.

**RESPONSE:**

Objection that "in the area" is vague. Without waiver of objection, deny.

**REQUEST NO. 17:**

Admit that after YOU shattered the driver window to the white Scion intending to pull JESSE ADAMS out through the window.

**RESPONSE:**

Objection that this is vague as to time. Without waiver of objection, deny; at the time Defendant broke the window, Defendant intended to gain access to Jesse Adams.

**REQUEST NO. 18:**

Admit that after YOU shattered the driver window to the white Scion, YOU grabbed JESSE ADAMS' left wrist.

**RESPONSE:**

Admit.

**REQUEST NO.19:**

Admit that when YOU grabbed JESSE ADAMS, his left wrist was on the steering wheel.

**RESPONSE:**

Admit.

**REQUEST NO.20:**

Admit that it was not necessary for YOU to grab JESSE ADAMS after YOU shattered the window of the white Scion.

**RESPONSE:**

Objection that "necessary" is vague and this invades the attorney client privilege. Without waiver of objection, admit that Defendant thought it was reasonable.

**REQUEST NO. 21:**

Admit that YOU had other options besides grabbing JESSE ADAMS after YOU shattered the driver window of the white Scion with YOUR metal baton.

**RESPONSE:**

Admit.

**REQUEST NO.22:**

Admit that after YOU grabbed JESSE ADAMS, YOU deployed MK-4 pepper spray onto JESSE ADAMS' face.

**RESPONSE:**

Admit.

**REQUEST NO. 23:**

Admit that YOUR deployment of pepper spray caused JESSE ADAMS to immediately close his eyes.

**RESPONSE:**

Defendant lacks knowledge or information to admit or deny whether Jesse Adams "immediately" closed his eyes, but admit that he appeared to close his eyes after the deployment.

**REQUEST NO. 24:**

Admit that it was not necessary for YOU to deploy YOUR pepper spray onto JESSE ADAMS' face.

**RESPONSE:**

Objection that "necessary" is vague and this invades the attorney client privilege. Without waiver of objection, admit that Defendant thought it was reasonable.

**REQUEST NO.25:**

Admit that YOU had other options besides deploying YOUR pepper spray onto JESSE ADAMS' face.

**RESPONSE:**

Admit.

**REQUEST NO.26:**

Admit that JESSE ADAMS was injured on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO. 27:**

Admit that YOU caused JESSE ADAMS an injury on December 22, 2019.

**RESPONSE:**

Objection that "an injury" is vague. Without waiver of objection, deny that Defendant caused Jesse Adams' death. Admit that Defendant sprayed Jesse Adams with pepper spray, but unknown whether that caused "an injury."

**REQUEST NO. 28:**

Admit that JESSE ADAMS was harmed on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO.29:**

Admit that YOU caused JESSE ADAMS harm on December 22, 2019.

**RESPONSE:**

Objection that "harm" is vague. Without waiver of objection, deny that Defendant caused Jesse Adams' death. Admit that Defendant sprayed Jesse Adams with pepper spray, but unknown whether that caused "harm."

**REQUEST NO.30:**

Admit that JESSE ADAMS died on December 22, 2019.

**RESPONSE:**

Admit.

**REQUEST NO.31:**

Admit that YOU contributed to death of JESSE ADAMS.

**RESPONSE:**

Deny.

**REQUEST NO.32 :**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had a history of drug use.

**RESPONSE:**

Objection that "history of drug use" is vague. Without waiver of objection, deny because there was suspicion that Jesse Adams' may have been under the influence of an illegal substance on the night of the incident based on his behavior. Admit that there was no information about his drug use prior to the night of the incident.

**REQUEST NO. 33:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may have had a history of drug use.

**RESPONSE:**

Objection that "history of drug use" is vague. Without waiver of objection, there was suspicion that he was under the influence of an illegal substance on the night of the incident that

may have been contributing to his other behavior which created the totality of circumstances that caused Defendant to use force. Admit that force was not used solely because of drug use suspicion.

**REQUEST NO.34:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not know whether JESSE ADAMS was under the influence of any drug.

**RESPONSE:**

Admit.

**REQUEST NO. 35:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may be under the influence of any drug.

**RESPONSE:**

Admit that this was not the sole reason, however, it was suspected that Jesse Adams may have been under the influence of drugs and that this may have been contributing to his other behavior which created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO. 36:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had a history of alcohol use.

**RESPONSE:**

Objection that "history of alcohol abuse" is vague. Without waiver of objection, deny because there was suspicion that Jesse Adams' may have been under the influence of alcohol on the night of the incident based on his behavior. Admit that there was no information about his alcohol use prior to the night of the incident.

**REQUEST NO.37:**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may have had a history of alcohol use.

**RESPONSE:**

Objection that "history of alcohol abuse" is vague. Without waiver of objection, admit that Jesse Adams' suspected intoxication on the night of the incident was not the sole reason, however,

it was suspected that Jesse Adams may have been under the influence of alcohol and that this may have been contributing to his other behavior that created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO.38:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not know whether JESSE ADAMS was under the influence of alcohol.

**RESPONSE:**

Admit.

**REQUEST NO.39 :**

Admit that YOU did not use force on JESSE ADAMS because YOU thought JESSE ADAMS may be under the influence of alcohol.

**RESPONSE:**

Admit that this was not the sole reason, however, it was suspected that Jesse Adams may have been under the influence of alcohol and that this may have been contributing to his other behavior which created the totality of the circumstances that caused Defendant to use force.

**REQUEST NO. 40:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had any criminal history.

**RESPONSE:**

Deny.

**REQUEST NO. 41:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS had any violent history.

**RESPONSE:**

Objection that "violent history" is vague. Without wavier of objection, deny.

**REQUEST NO.42:**

Admit that YOU did not use force on JESSE ADAMS because of JESSE ADAMS' criminal history.

**RESPONSE:**

Objection that "criminal history" is vague. Without waiver of objection, deny because his prior behavior was part of the totality of the circumstances.

**REQUEST NO.43:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any information as to whether JESSE ADAMS owned a firearm.

**RESPONSE:**

Admit.

**REQUEST NO.44:**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any specific information as to whether JESSE ADAMS was armed with a firearm.

**RESPONSE:**

Objection that "specific information" is vague. Admit that Defendant did not know that Jesse Adams had a firearm on the passenger side floorboard when Defendant grabbed Jesse Adams' wrist and used pepper spray.

**REQUEST NO.45 :**

Admit that at the time YOU used force on JESSE ADAMS, YOU did not have any specific information as to whether JESSE ADAMS had access to a firearm.

**RESPONSE:**

Objection that "specific information" is vague. Admit that Defendant did not know that Jesse Adams had a firearm on the passenger side floorboard when Defendant grabbed Jesse Adams' wrist and used pepper spray.

**REQUEST NO. 46:**

Admit that YOU were not disciplined by any person or agency for YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO. 47:**

Admit that YOU were not required to repeat any training specifically as a result of YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO. 48:**

Admit that YOU were not required to undergo any additional training specifically as a result of YOUR conduct (i.e., actions and inactions) related to this INCIDENT.

**RESPONSE:**

Admit.

**REQUEST NO.49:**

Admit that CITY agents concluded that the YOUR conduct (i.e., actions andinactions) related to this INCIDENT did not violate any Redding Police Department policy.

**RESPONSE:**

Admit.

**REQUEST NO.50:**

Admit that the CITY requires its officers to know CITY policies.

**RESPONSE:**

Admit.

**REQUEST NO. 51:**

Admit that the CITY requires its officers to know basic POST training.

**RESPONSE:**

Objection that "basic POST training" is vague. Without waiver of objection, admit that Defendant is required to follow POST training.

**REQUEST NO. 52:**

Admit that to YOUR knowledge, the CITY has not changed any policies as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO. 53:**

Admit that to YOUR knowledge, the CITY has not changed any training as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO.54 :**

Admit that the CITY has not changed any training as a direct result of this INCIDENT.

**RESPONSE:**

Admit, at least as far as this Defendant is aware.

**REQUEST NO.55:**

Admit that JESSE ADAMS did not run any stop signs during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams ran any stop signs that night. Admit that this Defendant did not personally observe Jesse Adams run a stop sign.

**REQUEST NO.56 :**

Admit that JESSE ADAMS did not run any stop lights during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams ran any stop lights that night. Admit that this Defendant did not personally observe Jesse Adams run a stop light.

**REQUEST NO. 57:**

Admit that JESSE ADAMS did not drive on the wrong side of the road during this INCIDENT.

**RESPONSE:**

Objection that "incident" is vague as to time in context of this request. Without waiver of objection, Defendant lacks knowledge or information to admit or deny whether Jesse Adams drove on the wrong side of the road that night. Admit that this Defendant did not personally observe Jesse Adams drive on the wrong side of the road.

**REQUEST NO.58:**

Admit that this INCIDENT did not involve a high-speed vehicle pursuit.

**RESPONSE:**

Objection that "high-speed vehicle pursuit" is vague. Without waiver of objection, admit.

**REQUEST NO.59:**

Admit that YOU never thought that the white Scion ran over any officer or person during the INCIDENT.

**RESPONSE:**

Deny.

**REQUEST NO.60 :**

Admit that it was a violation of CITY policy to have a ride along in YOUR vehicle with YOU at 3:00 a.m. on December 22, 2019.

**RESPONSE:**

Objection that this request invades the attorney client privilege and calls for a legal conclusion. Without waiver of objection, deny.

Dated: January 6, 2023

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*
By:__________________________________
DERICK E. KONZ
DANIELLE J. WILLIAMS
Attorneys for Defendants

CASE NAME: *Adams v. City of Redding, et al.*
COURT: USDC Eastern District
CASE NO. *2:20-cv-01610-TLN-DMC*

**PROOF OF SERVICE**

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On January 6, 2023, I served the parties in this action listed below the following document(s) described as: **DEFENDANT CORRIGAN'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

The above-named document(s) were served by the following means (*specify*):

☒ BY ELECTRONIC SERVICE (to individual persons) - By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth below, based on court order or agreement of the parties to accept service via electronic transmission. The email address I used to transmit these documents is rkhan@akk-law.com on this date. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. (CRC 2.260 or Fed.R.Civ.P.5(b)(E); Civ. Proc. section 1010.6.)

SERVICE LIST

Attorneys for Plaintiff:
Cameron Sehat
The Sehat Law Firm
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 825-5200
Fax: (949) 313-5001
cameron@sethatlaw.com

Dale Galipo
Marcel F. Sincich
The Law Office of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
dalekgalipo@yahoo.com
msincich@galipolaw.com

☒ (*Federal*) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 6, 2023 at Sacramento, California.

/s/ Rimsha Khan

RIMSHA KHAN