**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925-478-3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL**<br><br>Date: September 17, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 15th Floor<br>Judge: Troy L. Nunley<br><br>Action Filed: August 11, 2020<br>Trial Date: September 14, 2026 |

## I. INTRODUCTION

Plaintiff's opposition relies largely on speculation and rhetoric while minimizing undisputed developments that materially affect Defendants' ability to present essential testimony at trial. Defendants seek a limited continuance based on good cause: the unexpected and ongoing cardiac evaluations affecting Defendant Officer Staup, a key party-witness, and the sudden medical incapacity and retirement of Defendants' police practices expert, Mr. Jared Zwickey.

Defendants moved pursuant to Federal Rule of Civil Procedure 16(b)(4) to continue the September 14, 2026 trial date and modify the July 10, 2026 Scheduling Order. Plaintiff does not

dispute the existence of these medical developments, nor does she dispute the materiality of either witness to the defense. Instead, Plaintiff asks the Court to disregard documented medical restrictions, compel testimony despite medical advice to the contrary, and force Defendants to proceed to trial without a critical expert witness.

The record establishes diligence, unforeseen circumstances, and a narrowly tailored request designed to preserve the integrity of the trial process. Because good cause exists and the requested continuance will not unfairly prejudice Plaintiff, the motion should be granted.

## II. ARGUMENT

### A. Defendants Have Demonstrated Good Cause Based on Unanticipated Medical Issues Affecting a Key Party-Witness and the Defense Expert

Plaintiff first attacks Officer Staup's declaration on the ground that it does not contain every detail Plaintiff wishes to know. This objection confuses the weight of the evidence with its admissibility.

A declaration is not defective merely because it does not address every issue raised by an opposing party. The relevant inquiry is whether the declaration is based on personal knowledge, sets forth admissible facts, and complies with applicable procedural requirements. Plaintiff cites no authority holding that a declaration becomes inadmissible because it omits information an opposing party would prefer to have included. Any alleged omissions go to the weight of the evidence, not its admissibility.

Plaintiff repeatedly characterizes these medical developments as "vague," yet offers no contrary evidence and does not dispute that Officer Staup and Mr. Zwickey are material witnesses. The declarations establish that both individuals are experiencing significant cardiovascular issues that directly impact their ability to participate in trial proceedings. These developments were unforeseen, are supported by sworn testimony and medical documentation, and constitute precisely the type of circumstances that warrant modification of a scheduling order.

Officer Staup's declaration clearly establishes good cause. After retiring from law enforcement, he filed a workers' compensation claim relating to a heart condition that he believes resulted from his service as a police officer. Several months ago, he began experiencing

cardiovascular symptoms that remain undiagnosed despite ongoing medical evaluation. As a result, his physician required him to wear a heart monitor, undergo further testing, consult with a cardiologist, and refrain from activities that could aggravate his symptoms or interfere with the diagnostic process. Under these circumstances, Officer Staup is presently unable to safely participate in trial testimony, whether in person or remotely.

Similarly, Mr. Zwickey's declaration establishes good cause for a continuance. At age 82, Mr. Zwickey recently developed serious cardiovascular symptoms, including shortness of breath, dizziness, elevated heart rate, chest pain, and falls. (Zwickey Decl. ¶¶ 4-6.) As a result of these conditions, a medical professional advised him that he is unable to attend court proceedings or provide testimony until he has been evaluated and cleared by a cardiologist. (Zwickey Decl. ¶¶ 6-10.) His physician's note confirming these restrictions is attached as Exhibit A to his declaration. (Zwickey Decl. ¶ 13.)

These circumstances were neither foreseeable nor manufactured. They directly affect Defendants' ability to present critical testimony and therefore constitute good cause for a continuance.

**B. Defendants Acted Diligently Once the Medical Issues Materialized**

Plaintiff's argument regarding diligence is based on hindsight and ignores the actual timeline reflected in the evidence.

i. <u>Mr. Staup acted with diligence</u>

Plaintiff argues that because Officer Staup began experiencing symptoms several months ago, he should have informed counsel sooner. The argument misunderstands the nature of an evolving medical condition.

Officer Staup testified that his symptoms began several months ago. (Staup Decl. ¶ 6.) At that time, however, neither he nor his treating physicians knew the nature, severity, or cause of his condition. As the symptoms persisted, additional testing was ordered, including the use of a heart monitor and referral to a cardiologist. (Staup Decl. ¶¶ 7-9.)

Most importantly, Officer Staup's physician subsequently instructed him to avoid stress and unnecessary travel pending further diagnosis. (Staup Decl. ¶ 11.) Until those medical

restrictions were imposed, Officer Staup had no reason to believe that his condition would interfere with his ability to testify. Defendants cannot reasonably be faulted for failing to act on information that did not yet exist.

ii. Mr. Zwickey acted diligently

Mr. Zwickey likewise acted diligently.

Mr. Zwickey had served as Defendants' expert for approximately three years without issue. Only recently did he begin experiencing the cardiovascular symptoms that now prevent him from participating in trial. (Zwickey Decl. ¶¶ 5-6.) These symptoms include shortness of breath, elevated heart rate, dizziness, chest pain, and falls. Id.

Plaintiff suggests that Mr. Zwickey knew or should have known of these issues earlier. The medical evidence establishes otherwise. Mr. Zwickey's physician documented the condition as a "new onset of cardiac symptoms" in a note dated August 13, 2026. That contemporaneous medical record directly refutes any suggestion that the condition had long been known or intentionally withheld.

iii. Defense Counsel acted diligently

The record also demonstrates diligence by defense counsel:

- On August 12, 2026, defense counsel spoke with Mr. Zwickey and learned for the first time that he would be unable to testify at trial. (Mavrogianis Decl. ¶ 10, Ex. A.)
- On August 14, 2026, defense counsel requested that Plaintiff stipulate to a trial continuance. (Mavrogianis Decl. ¶ 12, Ex. B.)
- On August 18, 2026, Plaintiff declined to stipulate. (Mavrogianis Decl. ¶ 13, Ex. B.)
- On August 20, 2026, Defendants filed the present motion.

Upon learning of the severity of the medical issues affecting both Officer Staup and Mr. Zwickey, Defendants immediately sought a stipulation. When Plaintiff refused, Defendants promptly gathered supporting medical documentation and filed the motion within days. This sequence demonstrates diligence, not delay.

/ / /

/ / /

**C. A Brief Continuance Is More Likely Than Plaintiff's Proposed Alternatives to Ensure Safe, Reliable, and Admissible Testimony**

Plaintiff proposes remote testimony and deposition designations as purported alternatives to a continuance. Neither proposal adequately addresses the circumstances presented here.

Plaintiff's suggestions assume that Officer Staup and Mr. Zwickey are medically capable of participating remotely. The evidence establishes otherwise. Both have been advised by medical professionals to avoid stress and activities that may aggravate their symptoms. (Staup Decl. ¶ 11; Zwickey Decl. ¶ 9.)

Mr. Zwickey's physician specifically stated that he must be evaluated and cleared by a cardiologist before participating in any court proceedings. (Zwickey Decl. ¶ 13, Ex. A.) That restriction necessarily includes remote proceedings.

Likewise, Officer Staup's physicians have instructed him to avoid stress while the diagnostic process remains ongoing. Trial testimony, cross-examination, and participation in contested proceedings would directly undermine those restrictions.

A brief continuance would permit Officer Staup to complete his medical evaluation without risking interference with the diagnostic process. It would also provide Defendants a meaningful opportunity to retain a replacement police-practices expert following Mr. Zwickey's unexpected medical incapacity and retirement.

By contrast, Plaintiff's proposed alternatives increase the likelihood of evidentiary disputes, scheduling disruptions, and incomplete testimony.

**D. The Limited Continuance Will Not Unduly Inconvenience the Court, Plaintiff, or Witnesses, and Any Minimal Impact Is Outweighed by Trial Fairness**

Plaintiff invokes general concerns regarding efficiency and docket management. While those concerns are important, they do not override fundamental fairness where serious medical issues impair a party's ability to present essential evidence.

i. <u>Denying this continuance would be an abuse of discretion</u>

Courts have repeatedly recognized that denial of a continuance may constitute an abuse of discretion where a party has acted diligently, the continuance is important to the presentation of

the case, and any resulting inconvenience is minimal.

As the Ninth Circuit explained in *United States v. Rivera-Guerrero*, where counsel acts reasonably, a continuance is necessary to present an adequate defense, and denial results in prejudice without substantial inconvenience to the court or opposing party, denial may constitute an abuse of discretion. 426 F.3d 1130, 1138-39 (9th Cir. 2005).

Those considerations weigh heavily in favor of granting relief here.

ii. <u>Defendants Are Not Seeking an Indefinite Stay</u>

Plaintiff incorrectly characterizes the requested continuance as an indefinite stay.

Defendants do not seek an open-ended postponement. Rather, they request that the Court continue the trial to the earliest available date after January 1, 2027, or to any later date the Court deems appropriate.

This limited continuance would allow:

1. Officer Staup to complete his cardiology evaluation and treatment;
2. Officer Staup to testify without compromising the diagnostic process;
3. Defendants to retain and prepare a replacement police-practices expert; and
4. Lead trial counsel, Mr. Ferrier, to be available for trial. (Mavrogianis Decl. ¶ 28.)

The request is finite, reasonable, and narrowly tailored to address circumstances outside Defendants' control.

**E. Plaintiff Identifies No Cognizable Prejudice from a Brief Continuance; by Contrast, Denial Would Prejudice Defendants' Ability to Present Their Case**

i. <u>Plaintiff Suffers No Meaningful Prejudice From the Requested Continuance</u>

Plaintiff first argues that the motion resembles an ex parte application and therefore threatens the administration of justice. The record demonstrates otherwise.

Defendants filed the motion on August 20, 2026 and noticed it for the first available hearing date. Later that same day, the Court issued an expedited briefing schedule due to the proximity of trial, which stated:

> **MINUTE ORDER issued by Courtroom Deputy for Chief District Judge Troy L. Nunley on August 20, 2026: The Court has reviewed Defendants' Motion to Continue Trial. (ECF No.**

> **[70].) In light of the fact that this trial is set to commence on September 14, 2026, the Court issues an expedited briefing schedule on the motion as follows: Plaintiff's opposition is due on August 25, 2026, and Defendants' reply is due on August 27, 2026. (TEXT ONLY ENTRY) (Deputy Clerk MDK)**

(Mavrogianis Declaration ¶ 29, Exhibit C).

Defendants immediately informed Plaintiff of the Court's order and ensured Plaintiff received notice of all briefing deadlines. (Mavrogianis Decl. ¶ 29, Ex. D.)

Plaintiff has had a full opportunity to oppose the motion and has, in fact, done so. There has been no procedural disadvantage and no deprivation of due process.

ii. Plaintiff would not be prejudiced if Defendants get a new expert

Plaintiff also argues that allowing Defendants to retain a replacement expert would "change the landscape" of the case. That argument is overstated.

A replacement expert does not alter the underlying facts. The facts remain exactly the same. A substitute expert would merely offer opinions regarding those facts in place of an expert who has become medically unavailable.

Moreover, Plaintiff would have the opportunity to depose any replacement expert and challenge that expert's opinions before trial.

The prejudice concerns discussed in cases such as *Fidelity National Financial, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pa.*, 308 F.R.D. 649 (S.D. Cal. 2015), arose because the moving party waited more than nine months after learning of the expert's unavailability before seeking relief, and not replacement of the expert. Here, Defendants acted immediately after learning that Mr. Zwickey could no longer participate.

Accordingly, any potential prejudice can be fully addressed through limited supplemental expert discovery, while denial of a continuance would effectively deprive Defendants of critical testimony.

**F. It also appears that trial counsel's current trial will interfere with the trial date**

Mr. Ferrier is currently engaged in jury trial in the case of *Gold v. VP Painting, et al*, Los Angeles Superior Court Cause No. 24VECV00976, before the Hon. Lee S. Arian. (Declaration of

Robert M. Ferrier "Ferrier Decl." ¶ 2). Counsel was hopeful that this trial would conclude on or before September 11, 2026. (Ferrier Decl. ¶ 3). Unfortunately, jury selection took a full week and the parties are currently two full days behind schedule with further delays anticipated. (Ferrier Decl. ¶ 4).

## III. CONCLUSION

Good cause exists to continue the current trial date. Officer Staup and Mr. Zwickey are experiencing significant and unforeseen medical issues that directly affect their ability to safely and reliably participate in trial. Defendants acted diligently once these issues emerged, promptly sought relief, and requested a narrowly tailored continuance designed to preserve the integrity of the proceedings.

Plaintiff has failed to demonstrate any meaningful prejudice arising from a limited continuance. By contrast, denial of the motion would substantially impair Defendants' ability to present critical witness testimony and expert evidence.

For these reasons, Defendants respectfully request that the Court grant the Motion to Continue Trial and reset the trial to the earliest available date after January 1, 2027, or such other date as the Court deems appropriate.

DATED: August 27, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW