**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1: PRIOR DRUG USE**<br><br>Date: September 14, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

**I. <u>INTRODUCTION</u>**

Plaintiffs' First Motion in Limine seeks to exclude all evidence relating to the Decedent's, Plaintiff's, and the vehicle occupants' prior drug and alcohol use, as well as any drug or alcohol possession. Plaintiffs contend that such evidence is irrelevant, will confuse and mislead the jury, constitutes cumulative evidence, and will unnecessarily consume trial time.

The motion should be denied. Evidence of the Decedent's prior drug use is relevant to several issues central to this case, including: (1) foreseeability; (2) comparative fault; (3) damages,

including life expectancy, earning capacity, and noneconomic losses; (4) the Decedent's conduct and decision-making at the time of the incident; and (5) witness credibility where applicable. The evidence is not offered to prove bad character or a propensity for misconduct. Rather, it is offered to demonstrate knowledge of impairment risks, awareness of the effects of intoxicating substances, repeated disregard for those risks, and lifestyle factors directly relevant to Plaintiffs' damages claims. The substantial probative value of this evidence far outweighs any potential prejudice under Evidence Code section 352.

## II. LEGAL STANDARD

Relevant evidence is admissible unless otherwise excluded by statute. (Evid. Code, § 351.) Character evidence is generally inadmissible when offered to prove conduct on a particular occasion; however, such evidence may be admissible when relevant to prove issues such as knowledge, intent, motive, absence of mistake, or other facts in dispute. (Evid. Code, § 1101(b).)

Evidence is properly excluded under Evidence Code section 352 only when its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create a substantial danger of undue prejudice, confusion of the issues, or misleading the jury. (Evid. Code, § 352.) "Prejudice" within the meaning of section 352 is not synonymous with evidence that is damaging to a party's case; rather, it refers to evidence that uniquely tends to evoke an emotional bias against a party without regard to its relevance to the issues being decided. (Argueta v. Worldwide Flight Services, Inc. (2023) 97 Cal.App.5th 822.

## III. ARGUMENT

### A. Evidence of the Decedent's Drug Use Is Relevant to Foreseeability

Plaintiffs first contend that evidence of the Decedent's drug use is irrelevant. This argument lacks merit.

Foreseeability is a necessary component of negligence and comparative fault. The Decedent's history of using intoxicating substances, including controlled substances and alcohol, is relevant to whether it was reasonably foreseeable that he would engage in conduct resulting in impairment and increased safety risks. Drug and alcohol use both involve diminished judgment, impaired decision-making, and risk-taking behavior. The jury should be permitted to consider this

pattern of conduct when evaluating whether the Decedent's actions and resulting injuries were foreseeable consequences of his own choices.

The challenged evidence provides context for the Decedent's conduct and is therefore directly relevant to issues the jury must decide.

**B. Evidence of Drug Use Is Relevant to Comparative Fault**

Plaintiffs' motion appears primarily directed toward preventing Defendants from presenting a comparative fault defense. Plaintiffs state: "The Jury should not be misled to believe that Adam's drug or alcohol possession or use conduct is at issue; the jury should properly remain focused on Defendant Officer's conduct." (Plaintiffs' MIL No. 1 at 2:13-15.)

Plaintiffs' position improperly attempts to remove from the jury's consideration evidence bearing on the Decedent's own responsibility for the events at issue.

Plaintiffs rely on C.B. v. City of Sonora, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S.Ct. 1482 (2015). However, that case is distinguishable. In C.B., the court addressed witness testimony concerning undisclosed personal thoughts and beliefs that were never communicated to law enforcement and therefore had no bearing on the officers' conduct. Here, by contrast, the observations and circumstances relating to impairment were known to, observed by, and factored into the responding officers' assessment of the situation. Accordingly, the evidence is directly relevant and not unfairly prejudicial.

Under California's comparative fault system, the trier of fact must apportion responsibility among all persons whose conduct contributed to the injury. (Li v. Yellow Cab Co. (1975) 13 Cal.3d 804, 829.)

A central issue in this case is the extent to which the Decedent's own conduct contributed to the incident. Evidence that methamphetamine and THC were present in the Decedent's system at the time of the incident is highly relevant to that determination. Such evidence assists the jury in understanding the Decedent's actions and decision-making, including his alleged refusal to comply with lawful commands and his operation of the vehicle during the encounter.

The fact that the Decedent had a history of voluntarily using impairing substances further supports the inference that his conduct was neither accidental nor wholly isolated. This evidence

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

therefore bears directly on the jury's determination of comparative fault.

**C. Evidence of Drug Use Is Relevant to Damages**

Plaintiffs seek substantial wrongful death damages, including both economic and noneconomic losses. In assessing those claims, the jury must evaluate the Decedent's probable life expectancy, earning capacity, and the nature and quality of the relationships for which damages are sought.

First, life expectancy is not determined in a vacuum. A jury may consider a decedent's health, habits, lifestyle, and risk factors in determining probable longevity. (See Christiansen v. Hollings (1941) 44 Cal.App.2d 332.) A history of illegal drug use constitutes a significant health and lifestyle factor that bears directly on life expectancy. Excluding such evidence would present the jury with an incomplete and potentially misleading picture.

Second, evidence of prior drug use is relevant to earning capacity and economic damages. Employability, income stability, future opportunities, and the ability to maintain consistent employment are all factors that may be impacted by unlawful drug use. A history of substance abuse may also increase the likelihood of legal, medical, or treatment-related interruptions affecting future earnings. To the extent Plaintiffs claim the Decedent would have provided long-term financial support, the jury is entitled to consider evidence relevant to the likelihood of that projection.

Third, noneconomic damages, including loss of companionship, guidance, comfort, protection, and support, necessarily involve an assessment of the quality and nature of the Decedent's relationships with Plaintiffs. Evidence regarding the Decedent's lifestyle choices, including habitual drug use, may bear upon those relationships and is therefore relevant to the valuation of noneconomic damages.

Excluding this evidence would deprive the jury of important context needed to fairly assess Plaintiffs' damages claims.

**D. This Evidence Will Assist, Not Confuse, the Jury**

Plaintiffs argue that evidence regarding the Decedent's methamphetamine use at the time of the incident will confuse the jury. The opposite is true.

Evidence that the Decedent was under the influence of methamphetamine provides an explanation for conduct that might otherwise appear irrational or inexplicable. Specifically, such evidence may assist the jury in understanding allegations that the Decedent refused lawful commands, refused to exit the vehicle, assaulted a police officer, reversed his vehicle into a rock embankment, drove forward despite officer commands, nearly struck officers with the vehicle, and collided with police vehicles.

Far from confusing the issues, this evidence provides critical context regarding the Decedent's conduct and the officers' response.

**E. Evidence Code Section 352 Weighs in Favor of Admission**

Plaintiffs contend that evidence of drug use is inherently prejudicial. However, Evidence Code section 352 does not exclude evidence simply because it is unfavorable to one side.

The challenged evidence is highly probative of foreseeability, comparative fault, damages, and the circumstances surrounding the incident. Any potential prejudice can be adequately addressed through limiting instructions directing the jury to consider the evidence only for permissible purposes.

Because the evidence bears directly on disputed factual issues and is not offered merely to portray the Decedent as a bad person, its probative value substantially outweighs any potential danger of undue prejudice.

**F. Witness Credibility Is Always Relevant**

The credibility of a witness is always relevant. (Evid. Code, §§ 210, 350.) Evidence Code section 780 provides that, in determining witness credibility, the court or jury may consider any matter that has a tendency in reason to prove or disprove the truthfulness of testimony, including the witness's demeanor, capacity to perceive and recollect events, opportunity to perceive events, bias, interest, motive, and character for honesty or veracity.

Evidence bearing on witness credibility is always relevant. (People v. Rodriguez (1999) 20 Cal.4th 1, 9.) No witness is entitled to a false aura of credibility. (People v. Muldrow (1988) 202 Cal.App.3d 636.) Furthermore, a witness may be impeached with evidence that contradicts testimony given on direct examination, even where the contradicting evidence might not otherwise

be independently admissible. (People v. Lang (1989) 49 Cal.3d 991.)

Likewise, a witness's testimony may "open the door" to otherwise inadmissible evidence when such evidence is offered to refute or contradict the witness's statements. (Andrews v. City and County of San Francisco (1988) 205 Cal.App.3d 938; Evid. Code, § 780(i).)

Accordingly, to the extent Plaintiffs or other witnesses offer testimony that places their perceptions, observations, conduct, or credibility at issue, evidence relating to drug use may become independently admissible for impeachment purposes.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' First Motion in Limine in its entirety. The challenged evidence is relevant to multiple disputed issues, including foreseeability, comparative fault, damages, witness credibility, and the circumstances surrounding the incident. The evidence is not offered for an improper character purpose, and any risk of undue prejudice can be adequately addressed through limiting instructions. Because the probative value of the evidence substantially outweighs any potential prejudice under Evidence Code section 352, exclusion is unwarranted. Accordingly, Defendants respectfully request that the Court permit the introduction of evidence regarding the Decedent's drug and alcohol use and possession, subject to the ordinary rules of evidence at trial.

DATED: August 31, 2026 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *_/s/ Alexander M. Mavrogianis_*
ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS