**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually

Plaintiff,

vs.

CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,

Defendant.

Case No. 2:20-cv-01610-TLN-DMC

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2: EXCLUDE EVIDENCE RELATING TO PRIOR CRIMES, WRONGS, AND ACTS CHARACTER EVIDENCE**

Date: September 14, 2026
Time: 9:30 a.m.
Place: Courtroom 2, 15th Floor
Judge: Hon. Troy L. Nunley

## I. INTRODUCTION

Plaintiffs' Second Motion in Limine seeks to exclude all evidence relating to prior crimes, wrongs, acts, and purported character evidence.

The motion should be denied. Defendants do not seek to introduce such evidence to establish bad character or a propensity for misconduct. Rather, to the extent such evidence is offered, it would be offered solely for permissible impeachment purposes where a witness's credibility becomes an issue at trial. Because witness credibility is always relevant, and because

impeachment evidence may become admissible depending upon the testimony presented, Plaintiffs' request for a blanket exclusion is improper.

## II. LEGAL STANDARD

Relevant evidence is admissible unless otherwise excluded by statute. (Evid. Code, § 351.) Character evidence is generally inadmissible when offered to prove conduct on a particular occasion; however, such evidence may be admissible when relevant to prove knowledge, intent, motive, absence of mistake, or other facts in dispute. (Evid. Code, § 1101(b).)

Evidence may be excluded under Evidence Code section 352 only where its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create a substantial danger of undue prejudice, confusion of the issues, or misleading the jury. (Evid. Code, § 352.) Prejudice within the meaning of section 352 is not synonymous with evidence that is merely damaging to a party's case. Rather, it refers to evidence that uniquely tends to evoke an emotional bias against a party without regard to its relevance to the issues being decided. (*Argueta v. Worldwide Flight Services, Inc.* (2023) 97 Cal.App.5th 822.)

## III. ARGUMENT

### A. Witness Credibility Is Always Relevant

The credibility of a witness is always relevant. (Evid. Code, §§ 210, 350.) Evidence Code section 780 provides that, in determining witness credibility, the court or jury may consider any matter that has a tendency in reason to prove or disprove the truthfulness of testimony, including the witness's demeanor, ability to perceive and recollect events, opportunity to perceive events, bias, interest, motive, and character for honesty or veracity.

Evidence bearing on witness credibility is always relevant. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9.) No witness is entitled to a false aura of credibility. (*People v. Muldrow* (1988) 202 Cal.App.3d 636, 646.) Furthermore, a witness may be impeached with evidence that contradicts testimony given on direct examination, even where the contradicting evidence might not otherwise be independently admissible. (*People v. Lang* (1989) 49 Cal.3d 991, 1017.)

Likewise, a witness's testimony may "open the door" to otherwise inadmissible evidence when such evidence is offered to rebut, explain, or contradict the witness's statements. (*Andrews v.*

*City and County of San Francisco* (1988) 205 Cal.App.3d 938, 946; Evid. Code, § 780(i).)

Accordingly, to the extent Plaintiffs or other witnesses offer testimony that places their perceptions, observations, conduct, bias, or credibility at issue, evidence of prior acts may become independently admissible for impeachment purposes. Because the admissibility of such evidence depends upon the testimony actually presented at trial, a blanket exclusion would be premature and improper.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs have failed to establish that evidence relating to prior crimes, wrongs, or acts should be categorically excluded. Defendants do not seek to introduce such evidence as impermissible character or propensity evidence. Rather, to the extent such evidence is offered, it will be offered for legitimate impeachment purposes, including challenging witness credibility and rebutting testimony that may create a misleading impression before the jury.

Because the admissibility of impeachment evidence necessarily depends upon the specific testimony elicited at trial, Plaintiffs' request for a blanket exclusion is overbroad and premature. Any objections to particular evidence can be addressed in the context in which the evidence is offered.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Second Motion in Limine in its entirety.

DATED: August 31, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*
ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS