**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4: EXCLUDE SHASTA COUNTY DISTRICT ATTORNEY AND CITY OF REDDING FINDINGS**<br><br>Date: September 14, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

## I. INTRODUCTION

Plaintiff seeks wholesale exclusion of the investigative findings generated by the Shasta County District Attorney and the City of Redding following their investigations into the incident at issue. The motion improperly conflates admissible factual findings and factually based evaluative opinions with potentially inadmissible legal conclusions.

Federal Rule of Evidence 803(8)(A)(iii) creates a hearsay exception for public records setting forth "factual findings from a legally authorized investigation," unless the opponent



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

demonstrates a lack of trustworthiness. The Supreme Court has expressly held that otherwise admissible investigative findings are not excluded merely because they contain opinions or conclusions. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). Accordingly, the factual findings and factually based evaluative conclusions contained in the District Attorney's review and the City's investigation are admissible under Rule 803(8).

To the extent the Court concludes that any portion of either report constitutes an impermissible legal conclusion, Defendants do not oppose a tailored redaction of those specific statements. Wholesale exclusion of the reports, however, would directly conflict with Rule 803(8) and controlling Supreme Court authority.

## II. THE DISTRICT ATTORNEY'S AND CITY'S FACTUAL FINDINGS ARE ADMISSIBLE UNDER RULE 803(8)

Rule 803(8)(A)(iii) provides that a public record is admissible when it sets forth "factual findings from a legally authorized investigation," unless "the source of information or other circumstances indicate a lack of trustworthiness."

The Supreme Court resolved decades of disagreement among the federal courts in *Beech Aircraft Corp. v. Rainey*, holding that Rule 803(8) does not distinguish between bare factual recitations and factually based conclusions:

"We hold, therefore, that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."

*Beech Aircraft*, 488 U.S. at 170.

In reaching that conclusion, the Court rejected the notion that "factual findings" exclude evaluative conclusions. Rather, a finding of fact includes "a conclusion by way of reasonable inference from the evidence." *Id.* at 164.

The Ninth Circuit follows this broad interpretation. See *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 726 (9th Cir. 1986), cited approvingly in *Beech Aircraft*, 488 U.S. at 162 n.7. Numerous other circuits likewise recognize that governmental investigative reports may include evaluative

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

conclusions and opinions without losing admissibility under Rule 803(8). See *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 962 (9th Cir. 1998); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 557-58 (6th Cir. 1978).

The findings at issue here arose from official investigations conducted pursuant to legal authority. The reports do not merely recite witness statements; they synthesize evidence, assess physical evidence, compare accounts, and draw reasonable inferences regarding what occurred. Such evaluative findings fall squarely within the category of evidence Rule 803(8) was designed to admit.

## III. PLAINTIFF BEARS THE BURDEN OF ESTABLISHING A LACK OF TRUSTWORTHINESS

Rule 803(8) presumes admissibility. Once the proponent establishes that the report contains findings from a legally authorized investigation, the burden shifts to the opponent to demonstrate untrustworthiness.

As the Supreme Court explained in *Beech Aircraft*, admissibility is generally assumed because public agencies conduct investigations pursuant to official duties and without a motive other than fairly informing the public and responsible decisionmakers. 488 U.S. at 167-69. See also *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 300-01 (4th Cir. 1984).

**The recognized trustworthiness factors are:**

1. the timeliness of the investigation;
2. the investigator's skill or experience;
3. whether a hearing was held; and
4. possible bias arising from preparation for litigation.

*Beech Aircraft*, 488 U.S. at 167 n.11.

Plaintiff utterly fails to allege in their Motion for Limine that the documents lack trustworthiness factors, and therefore waives any such argument.

/ / /

/ / /

/ / /

## IV. ANY CONCERN REGARDING LEGAL CONCLUSIONS CAN BE ADDRESSED THROUGH LIMITED REDACTION RATHER THAN WHOLESALE EXCLUSION

Defendants recognize that *Beech Aircraft* expressly left open a separate question regarding legal conclusions. In footnote 13, the Court stated:

"We express no opinion on whether legal conclusions contained in an official report are admissible as 'findings of fact' under Rule 803(8)(C)."

*Beech Aircraft*, 488 U.S. at 170 n.13.

Accordingly, Defendants do not contend that every statement in the reports is automatically admissible.

The proper distinction, however, is between:

- factual findings and factually based evaluative opinions, which are admissible under *Beech Aircraft*; and
- pure legal conclusions, which may present a distinct admissibility issue.

If the Court concludes that the District Attorney's ultimate statement that the shooting was "justified" under California criminal law constitutes a legal conclusion, the proper remedy would be to redact that narrow conclusion while admitting the underlying investigative findings supporting it.

That approach is consistent with Rule 803(8), with *Beech Aircraft*, and with the Court's gatekeeping role discussed in *Desrosiers*, 156 F.3d at 962.

## V. RULE 403 DOES NOT JUSTIFY EXCLUDING THE UNDERLYING FACTUAL FINDINGS

Plaintiff may argue that the District Attorney's determination risks confusing the jury because the District Attorney evaluated potential criminal liability, whereas the jury must decide whether the force used was objectively reasonable under the Fourth Amendment.

Defendants agree that the legal standards differ.

However, that distinction favors targeted redaction of any ultimate legal conclusion, not exclusion of the factual findings themselves.

The underlying investigative findings regarding witness accounts, physical evidence, scene

reconstruction, timing, officer perceptions, and the sequence of events remain highly probative of the issues before the jury. Those findings assist the jury in evaluating the totality of the circumstances confronting the officers.

To the extent the Court perceives a risk that the jury might equate a criminal charging decision with constitutional reasonableness, that concern can be addressed through redaction and a limiting instruction. Such measures are far less drastic than excluding otherwise admissible public records.

## VI. TO THE EXTENT THE REPORTS CONTAIN EMBEDDED WITNESS STATEMENTS, THOSE STATEMENTS SHOULD BE EVALUATED INDIVIDUALLY

Defendants acknowledge that embedded witness statements present a separate hearsay issue. The existence of potentially objectionable statements within a report does not justify exclusion of the report as a whole.

Any challenged statement should be addressed individually, with admission permitted where an independent hearsay exception, exclusion, or non-hearsay purpose applies. Rule 803(8) does not require wholesale exclusion simply because some portions may warrant separate analysis.

## VII. CONCLUSION

Plaintiff's motion seeks exclusion far beyond what Rule 803(8) permits. Under *Beech Aircraft*, factual findings and factually based evaluative opinions contained in legally authorized governmental investigations are admissible absent a showing of untrustworthiness. Plaintiff cannot carry that burden here.

Accordingly, Defendants respectfully request that the Court deny the motion in limine. Alternatively, if the Court determines that certain portions of the reports constitute inadmissible legal conclusions, Defendants request that the Court order limited redactions while admitting the reports' underlying factual findings and factually based evaluative conclusions.

DATED: August 31, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*

ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS