**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5: EXCLUDE PASSENGER INFORMATION AND RIDE ALONG PERSPECTIVES**<br><br>Date: September 14, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

## I. INTRODUCTION

Plaintiffs' Fifth Motion in Limine seeks to exclude all evidence relating passenger information and ride along perspectives. These items included numerous fraudulent checks, homemade and/or altered checks, marijuana, heroin and methamphetamine packaged for sale, $5,547 in cash, a fixed-blade knife located on the driver's side, and a loaded handgun bearing a badge associated with the Overland Park, Kansas Police Department and engraved with the initials "OPPD." Plaintiffs contend that such evidence is irrelevant, will confuse and mislead the jury,



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

constitutes cumulative evidence, and will unnecessarily consume trial time.

The motion should be denied. Evidence concerning the Decedent's possession of these items is relevant to several issues central to this case, including: (1) comparative fault; (2) providing context to explain the Decedent's actions to the jury; and (3) witness credibility, where applicable. The evidence is not offered to prove bad character or a propensity for misconduct. Rather, it is offered to demonstrate the Decedent's knowledge of the risks associated with criminal conduct and impairment, his awareness of the consequences of his actions, his repeated disregard of those risks, and circumstances directly relevant to Plaintiffs' damages claims. The substantial probative value of this evidence far outweighs any potential prejudice under Evidence Code section 352.

## II. LEGAL STANDARD

Relevant evidence is admissible unless otherwise excluded by statute. (Evid. Code, § 351.) Character evidence is generally inadmissible when offered to prove conduct on a particular occasion; however, such evidence may be admissible when relevant to prove issues such as knowledge, intent, motive, absence of mistake, or other facts in dispute. (Evid. Code, § 1101(b).)

Evidence is properly excluded under Evidence Code section 352 only when its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create a substantial danger of undue prejudice, confusion of the issues, or misleading the jury. (Evid. Code, § 352.) "Prejudice" within the meaning of section 352 is not synonymous with evidence that is damaging to a party's case; rather, it refers to evidence that uniquely tends to evoke an emotional bias against a party without regard to its relevance to the issues being decided. (Argueta v. Worldwide Flight Services, Inc. (2023) 97 Cal.App.5th 822.

## III. ARGUMENT

### A. Passenger Background

#### i. Witness Credibility Is Always Relevant

The credibility of witnesses is always a relevant issue at trial. (Evid. Code, §§ 210, 350.) Evidence Code section 780 expressly provides that, in determining a witness's credibility, the trier of fact may consider any matter having a tendency in reason to prove or disprove the truthfulness

of the witness's testimony, including the witness's ability to perceive and recollect events, opportunity to observe the events in question, bias, interest, motive, demeanor, and character for honesty or veracity.

California courts have consistently recognized that evidence bearing on witness credibility is relevant and admissible. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9.) Moreover, no witness is entitled to a false aura of credibility. (*People v. Muldrow* (1988) 202 Cal.App.3d 636, 646.) A witness may also be impeached with evidence that contradicts testimony offered on direct examination, even where the contradicting evidence might not otherwise be independently admissible. (*People v. Lang* (1989) 49 Cal.3d 991, 1017.)

Likewise, when a witness presents testimony that creates a misleading impression, the witness may "open the door" to otherwise inadmissible evidence offered to rebut or contradict those assertions. (*Andrews v. City and County of San Francisco* (1988) 205 Cal.App.3d 938, 946; Evid. Code § 780(i).)

Accordingly, should Plaintiffs or other witnesses place their perceptions, observations, conduct, motivations, or credibility at issue, Defendants must be permitted to introduce evidence concerning the circumstances of the incident, including items recovered from the vehicle, insofar as such evidence bears on credibility, perception, memory, bias, or impeachment. Plaintiffs' request for a blanket exclusion is therefore improper.

### B. Ride-Along Observations, Perceptions, Opinions, and Subjective Reactions Are Admissible

#### i. Witnesses May Testify Regarding Matters Within Their Personal Knowledge Under Federal Rules of Evidence 602

Witness testimony based upon personal observation is admissible. Individuals who were present during the incident possess firsthand knowledge of what they observed, perceived, and experienced. Consequently, they may testify regarding those observations and perceptions.

Plaintiffs seek to preclude testimony regarding various observations made by ride-along witnesses. For example, Plaintiffs seek to exclude testimony concerning whether Ms. Leak observed the Decedent's vehicle approaching, whether she believed a collision was imminent, and whether she physically braced for impact. Such testimony is plainly based on her personal

perceptions and observations at the time of the incident and is therefore relevant and admissible.

Similarly, Plaintiffs seek to exclude testimony concerning whether Mrs. Staup feared that Deputy Staup might be injured and whether she experienced physical manifestations of stress, including shaking, muscle tension, elevated blood pressure, or physical discomfort during or immediately following the incident. These matters are likewise based upon the witness's personal observations and experiences and fall squarely within the scope of permissible testimony.

To the extent Plaintiffs challenge the foundation for any particular testimony, those objections should be addressed at trial when the specific testimony is offered, rather than through a broad pretrial exclusion.

ii Lay Opinion Testimony Is Permissible Under Federal Rules of Evidence 701

A lay witness may provide opinion testimony where the opinion is rationally based on the witness's perceptions and helpful to understanding the witness's testimony or determining a fact in issue. Testimony concerning the witnesses' perceptions, fears, reactions, assessments of events unfolding before them, or observations regarding the Decedent's conduct falls within the scope of permissible lay opinion testimony.

Many of the categories identified in Plaintiffs' motion involve testimony that is inherently tied to a witness's contemporaneous perceptions and experiences. Whether a witness believed a collision was imminent, was fearful of injury, or interpreted conduct in a particular way are matters commonly addressed through lay opinion testimony.

Because the admissibility of such testimony depends upon the specific questions asked and the foundation established at trial, a blanket exclusion is unwarranted. Any objections can and should be resolved in the context of the actual testimony presented.

iii. Comparative Fault

Plaintiffs' motion also improperly seeks to restrict Defendants' ability to present evidence supporting their comparative fault defense.

Under California law, a defendant is entitled to present evidence establishing that some portion of fault should be attributed to the plaintiff or another responsible party. "Generally, a

defendant has the burden of establishing that some nonzero percentage of fault is properly attributed to the plaintiff, other defendants, or nonparties to the action." (*Phipps v. Copeland Corp. LLC* (2021) 64 Cal.App.5th 319, 332.)

The evidence at issue is directly relevant to Defendants' contention that the Decedent's own conduct contributed substantially to the events resulting in his death. Evidence that the Decedent possessed narcotics packaged for sale, fraudulent or altered checks, large quantities of cash, weapons, and other indicia of criminal activity is relevant not because it reflects adversely on his character, but because it provides context for his actions, decision-making, state of mind, and awareness of the risks associated with his conduct immediately preceding the incident.

Further, witnesses with firsthand knowledge of the events will offer testimony regarding the Decedent's conduct and the circumstances surrounding the incident. Such testimony bears directly on the allocation of fault and should not be excluded through a motion in limine. The Court should instead evaluate specific objections, if any arise, in the context of the evidence actually offered at trial.

**C. Defendant will not waive privilege**

To the extent Plaintiffs seek to elicit testimony protected by the marital or spousal privileges, Defendants assert that no such privilege will be waived at trial. Ms. Staup intends to invoke all applicable privileges available under California law, and Defendants reserve all objections concerning privileged communications and testimony.

## IV. CONCLUSION

Plaintiffs seek the extraordinary remedy of excluding broad categories of evidence that are directly relevant to witness credibility, comparative fault, the Decedent's state of mind, and the factual circumstances surrounding the incident. The challenged evidence is not offered for any improper propensity purpose. Rather, it provides critical context necessary for the jury to fairly evaluate the conduct of the parties, assess witness credibility, and determine the allocation of fault.

Any concern regarding the scope or foundation of particular testimony can be adequately addressed through contemporaneous objections at trial. Plaintiffs have failed to demonstrate that the probative value of the evidence is substantially outweighed by any danger of undue prejudice,

confusion, or undue consumption of time under Evidence Code section 352.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Fifth Motion in Limine in its entirety.

DATED: August 31, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*

ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS