**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SBN 310708
E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS SBN: 350199
E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CINDY ADAMS as Personal Representative to the Estate of JESSE ADAMS, and individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a governmental entity; KYLE CORRIGAN, individually; CHRISTOPHER STAUP, individually; EDWARD MCGINNIS, individually, and DOES 4 through 10,<br><br>Defendant. | Case No. 2:20-cv-01610-TLN-DMC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 6: EXCLUDE OPINIONS OF DEFENSE EXPERT JARED ZWICKEY**<br><br>Date: September 14, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

**I. INTRODUCTION**

Plaintiff seeks to exclude significant portions of the testimony and opinions of Defendants' police practices expert, Michael Zwickey, including the facts, principles, and methodologies upon which those opinions are based.

As this Court is aware, Defendants recently moved to continue trial due in large part to Mr. Zwickey's inability to testify at trial as a result of serious medical complications that have forced his retirement. Accordingly, this opposition is not submitted for the purpose of persuading the

Court to permit Mr. Zwickey to testify live at trial. Rather, Defendants submit this opposition to preserve their ability to present Mr. Zwickey's testimony through the reading of his deposition transcript should the Court deny Defendants' motion to continue the trial and permit Defendants time to retain a replacement police practices expert.

Plaintiff's motion improperly seeks to exclude not only expert opinions but also the factual findings and evaluative conclusions that Mr. Zwickey developed through his investigation and review of the evidence in this case. In doing so, Plaintiff conflates admissible factual findings and factually based expert opinions with purportedly inadmissible legal conclusions.

Federal Rule of Evidence 702 permits expert testimony when the witness is qualified by "knowledge, skill, experience, training, or education," and when:

1. the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact in issue;
2. the testimony is based on sufficient facts or data;
3. the testimony is the product of reliable principles and methods; and
4. the expert has reliably applied those principles and methods to the facts of the case.

Fed. R. Evid. 702.

## II. MR. ZWICKEY MAY REFERENCE APPLICABLE PENAL AND VEHICLE CODE PROVISIONS AS PART OF HIS EXPERT ANALYSIS

Courts within the federal districts of California have recognized that Federal Rule of Civil Procedure 26(a)(2)(B) requires more than conclusory expert opinions. An expert report must explain not only the expert's conclusions but also the reasoning and methodology that led to those conclusions. *In re Central European Industrial Development Co.*, 427 B.R. 149, 163 (Bankr. N.D. Cal. 2009). As the Advisory Committee Notes to the 1993 amendments to Rule 26 explain, an expert report is intended to be a detailed and complete statement of the testimony the witness is expected to offer, together with the bases and reasons for those opinions. *Id.*

To explain the basis for an opinion, an expert may appropriately reference statutes, regulations, and other governing standards that inform the expert's analysis. An expert's reference to a Penal Code or Vehicle Code provision does not automatically transform otherwise admissible

testimony into an impermissible legal conclusion.

For example, in *People v. Jo*, 15 Cal. App. 5th 1128 (2017), the court approved expert testimony describing the existence and substance of a statutory defense available to victims of domestic violence. The court concluded that the expert did not offer an improper legal opinion because the expert did not opine on whether the statutory defense actually applied to the facts of the case. Rather, the testimony merely explained the legal framework relevant to the subject matter. *Id.* at 1164-65.

Likewise, courts have recognized that experts may explain the standards, practices, procedures, and decision-making processes ordinarily followed within a regulated field without invading the province of the court or jury. *Id.*

Here, Mr. Zwickey's references to California Penal Code and Vehicle Code provisions are offered as part of the factual and professional framework underlying his police practices opinions. He does not purport to instruct the jury on the law, state the governing legal standard, or opine on ultimate questions of law reserved for the Court. Rather, he references those provisions to explain the standards that informed his evaluation of the officers' conduct and decision-making.

Accordingly, Mr. Zwickey should be permitted to reference applicable Penal Code and Vehicle Code provisions insofar as those provisions form part of the basis of his expert analysis and assist the trier of fact in understanding the evidence and issues presented.

## III. MR. ZWICKEY IS NOT ENGAGING IN IMPERMISSIBLE SPECULATION WHEN OPINING THAT THE EVIDENCE DOES NOT SUPPORT A PARTICULAR ALLEGATION OR FINDING

Plaintiff also challenges portions of Mr. Zwickey's testimony in which he concludes that the available evidence does not support a particular allegation, inference, or finding. Such opinions are not speculative.

A fundamental function of an expert witness is to evaluate the available evidence, assess its significance, and determine whether that evidence supports a particular conclusion. An opinion that the evidence is insufficient to substantiate an allegation is based upon the expert's review of the facts, training, experience, and professional judgment. It does not constitute speculation merely because the expert rejects an alternative interpretation of the evidence advanced by an opposing

party.

Mr. Zwickey's opinions are grounded in his review of the investigative materials, witness statements, reports, body-worn camera footage, and other evidence produced in this matter. His conclusions regarding the absence of evidence supporting particular allegations are the product of that review and reflect the type of professional analysis routinely performed by police practices experts.

Moreover, identifying a lack of evidence to support a particular allegation is not speculation. Rather, it is a conclusion drawn from the evidence that was reviewed and considered. Mr. Zwickey's opinions are based on the materials available to him and his application of accepted police practices principles to those materials. As such, they satisfy the requirements of Federal Rule of Evidence 702.

To the extent Plaintiff disagrees with Mr. Zwickey's conclusions, that disagreement goes to the weight of the testimony rather than its admissibility. Vigorous cross-examination, the presentation of contrary evidence, and competing expert testimony are the appropriate mechanisms for challenging an expert's conclusions. Exclusion is not warranted simply because Plaintiff disputes Mr. Zwickey's interpretation of the evidence. Accordingly, Plaintiff's request to exclude these opinions should be denied.

## IV. PLAINTIFF FAILS TO ESTABLISH THAT MR. ZWICKEY'S OPINIONS LACK METHODOLOGY, RELIABILITY, OR A FACTUAL FOUNDATION

Plaintiff broadly asserts that substantial portions of Mr. Zwickey's report should be excluded because they allegedly lack a discernible methodology, reliability, or factual basis. This contention is unsupported by the record and mischaracterizes both the substance of Mr. Zwickey's report and the applicable legal standards governing expert testimony.

Expert disclosures under Federal Rule of Civil Procedure 26 are intended to provide opposing parties with fair notice of an expert's opinions and the bases for those opinions. *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871 (D. Or. 2025). While an expert generally may not testify to opinions that were not disclosed in his or her report, exclusion is not warranted merely because an expert did not anticipate and address every conceivable criticism or

counterargument in the report itself. *Id.* Courts have recognized that challenges to the sufficiency of an expert's analysis must identify material deficiencies that genuinely undermine the reliability of the opinions offered, rather than rely on a series of superficial or conclusory criticisms. *In re Roundup Products Liability Litigation*, 813 F. Supp. 3d 935 (N.D. Cal. 2025).

Here, Plaintiff repeatedly attacks Mr. Zwickey's conclusions while ignoring the factual materials and investigative records upon which those conclusions are based. Plaintiff's disagreement with Mr. Zwickey's opinions does not establish that the opinions lack a reliable methodology or factual foundation.

For example, Plaintiff seeks to exclude Mr. Zwickey's opinion that "Officer Corrigan was acting in his official capacity as a sworn peace officer with the City of Redding Police Department when he stopped Mr. Adams to investigate his erratic driving behavior." Plaintiff contends that this opinion lacks a factual basis. The report itself demonstrates otherwise.

Immediately preceding that opinion, Mr. Zwickey summarizes the incident and references evidence showing that Officer Corrigan observed a white sedan failing to maintain its lane, driving erratically within the lane, and changing lanes without signaling. (Dkt. No. 81-6 at 5.) These facts were not invented by Mr. Zwickey; rather, they were derived from the investigative materials he reviewed. The opinion is simply an evaluation of those underlying facts and their significance within the context of police practices and law enforcement duties.

This example illustrates the fundamental flaw in Plaintiff's motion. Plaintiff does not identify a defect in Mr. Zwickey's methodology. Nor does Plaintiff demonstrate that Mr. Zwickey relied upon insufficient facts or data. Instead, Plaintiff merely disputes the conclusions that Mr. Zwickey drew from the evidence. Such disagreements concern the weight of the testimony, not its admissibility under Rule 702.

Throughout his report, Mr. Zwickey identifies the materials reviewed, describes the facts upon which he relied, and explains the reasoning supporting his conclusions. His opinions are based on decades of law enforcement experience, review of the relevant records, and application of accepted police practices principles to the facts of this case. Plaintiff's generalized assertion that the report lacks methodology, reliability, or factual support falls far short of the showing required

to justify exclusion of expert testimony.

## V. CONCLUSION

Plaintiff's Motion in Limine underscores the importance of Defendants' pending Motion to Continue Trial. As the Court is aware, Mr. Zwickey is medically unable to testify at trial, and an order granting Plaintiff's motion would effectively preclude Defendants from presenting his opinions through deposition testimony, notwithstanding the substantial work he performed in reviewing and analyzing the evidence in this case.

Plaintiff's motion seeks the extraordinary remedy of excluding substantial portions of Mr. Zwickey's testimony despite the fact that his opinions are based upon a thorough review of the evidence, his extensive law enforcement experience, and reliable principles commonly applied by police practices experts.

Mr. Zwickey's references to applicable Penal Code and Vehicle Code provisions are offered solely to explain the standards and considerations that informed his analysis and do not constitute impermissible legal opinions. Likewise, his opinions regarding the absence of evidence supporting particular allegations are not speculative; rather, they represent the type of evaluative judgments routinely made by experts reviewing investigative materials and assessing law enforcement conduct.

Finally, Plaintiff has failed to demonstrate that Mr. Zwickey's opinions lack an adequate factual basis, reliable methodology, or sufficient supporting data. At most, Plaintiff identifies areas of disagreement with Mr. Zwickey's conclusions. Such disputes are properly addressed through cross-examination and the presentation of contrary evidence, not exclusion.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine to exclude the opinions and testimony of Michael Zwickey and permit Defendants to present the admissible portions of his testimony, including through his deposition testimony to the extent permitted by the Federal Rules of Evidence and applicable law.

/ / /

/ / /

/ / /

DATED: August 31, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Alexander M. Mavrogianis*

ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants CITY OF REDDING, KYLE CORRIGAN, CHRISTOPHER STAUP, and EDWARD MCGINNIS