UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CINDY ADAMS,

Plaintiff,

v.

CITY OF REDDING, et al.,

Defendants.

No. 2:20-cv-01610-TLN-DMC

**ORDER**

This matter is before the Court on Defendants City of Redding, Kyle Corrigan, Christopher Staup, and Edward McGinnis's (collectively, "Defendants") Motion to Continue Trial. (ECF No. 70.) Plaintiff Cindy Adams ("Plaintiff") has filed an opposition (ECF No. 82) and Defendants have filed a reply (ECF No. 83). For the reasons set forth below, the motion is GRANTED. The September 14, 2026 trial date is VACATED and the parties shall MEET AND CONFER regarding the setting of a new trial date.

///

///

///

///

///

///

## I. Factual and Procedural Background

This civil rights action arises from the death of Jesse Adams on December 22, 2019. (ECF No. 28.) Plaintiff, as personal representative of Adams' estate, and in her individual capacity, asserts claims against the City of Redding and police officers Kyle Corrigan, Christopher Staup ("Staup"), and Edward McGinnis for violations of 42 U.S.C. § 1983, California Civil Code §52.1, battery, and negligence. (*Id.*)

On July 13, 2026, the Court issued a Final Pretrial Order setting trial in this matter for September 14, 2026. (ECF No. 65.) Defendants filed the instant Motion to Continue Trial on August 20, 2026. (ECF No. 70.)

## II. Standard of Law

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A district court has "broad discretion" to grant or deny a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). There are four factors relevant to determining whether a motion for continuance should be granted: (1) the moving party's diligence; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the moving party would suffer as a result of the denial of the continuance. *United States v. Anguiano*, 731 F. App'x 699, 700 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1303 (2019); *see also United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (citing *Flynt*, 756 F.2d at 1358).

## III. Analysis

Defendants request the Court postpone trial because Staup and Defendants' expert witness Jared Zwickey ("Zwickey") have unexpectedly developed a heart condition. (ECF No. 70-1 at 2–3.) Defendants state that Zwickey is retiring from service as an expert witness due to this condition and must be replaced, and that Staup requires time to obtain medical treatment in order to testify at trial. (*Id.*) Plaintiff filed an opposition to the motion and Defendants filed a reply. (ECF Nos. 82, 83.) Defendants have also filed declarations in support of the motion to continue. (ECF Nos. 71–73, 84–85.)

Defendants argue that all four factors favor continuing the trial because they are seeking a

brief delay of the trial due to recently discovered health conditions impacting a key expert witness and one of the named defendants in this action. (ECF No. 70-1 at 4–9.) Plaintiff opposes the motion and argues Defendants have not made an adequate showing on any of the factors. (ECF No. 82.) The Court addresses each factor in turn.

A. Defendants' Diligence

Defendants contend they were diligent in seeking a continuance because the unavailability of Zwickey and Staup for trial only became apparent in "early August 2026." (ECF No. 70-1 at 7.) Defendants state Staup's and Zwickey's medical conditions were only brought to defense counsels' attention at that time, and, on August 12, 2026, Zwickey informed them that he would be retiring as an expert witness. (*Id.*) On August 14, 2026, Defendants contacted Plaintiff's counsel to request a stipulation to continue trial and filed the instant motion soon after Plaintiff declined to do so. (*Id.*)

Plaintiff responds that according to Staup's declaration, he had begun developing symptoms of a heart condition "over the past several months" yet failed to inform defense counsel until early August. (ECF No. 82 at 11 (quoting ECF No. 72 at 2).) Similarly, Plaintiff emphasizes that Zwickey did not inform defense counsel of his condition until early August, despite knowing that trial had been set for September 14, 2026. (*Id.*) Plaintiff also faults both Staup and Zwickey for vagueness in their descriptions of their medical conditions. (*Id.* at 9–11.)

Defendants argue in reply that Staup was not aware of "the nature, severity, or cause of his condition" until early August when he began using a heart monitor, was referred to a cardiologist, and was advised to avoid stress and unnecessary travel. (ECF No. 83 at 3.) Likewise, Defendants argue that Zwickey only began experiencing cardiovascular symptoms in early August. (*Id.* at 4.) Defendants point to a doctor's note dated August 13, 2026, stating that Zwickey experienced a "new onset of cardiac symptoms." (ECF No. 73-1.)

The Court agrees with Plaintiff that Staup has not adequately explained the nature of his condition. Staup declares simply that he has "an appointment scheduled with a cardiologist in October to review . . . test results, discuss my symptoms, and determine what additional evaluation or treatment, if any, may be necessary," but submits no medical documentation that

such a condition even exists. (ECF No. 72 at 2.)

However, the Court agrees with Defendants that they have acted with diligence. Zwickey's medical condition did not develop until early August. The Court is not persuaded by Plaintiff's challenge of Zwickey's condition as vague given that he submits documentation from a physician stating that he must be "cleared by a cardiologist" before participating in court proceedings. (ECF No. 73-1 at 2.) Upon learning of this information defense counsel promptly sought a stipulation for a continuance and then filed the instant motion when it was rejected.

Accordingly, the first factor weighs in favor of a continuance.

B. Usefulness of Requested Continuance

Defendants identify two purposes which a continuance would serve: (1) it will permit Defendants to replace Zwickey with a new expert witness who will require time to prepare for trial; and (2) a continuance would allow Staup to undergo additional medical testing and treatment, thus permitting him to appear at trial. (ECF No. 70-1 at 7–8.)

Plaintiff argues there is no basis for Defendants' assertion that either Zwickey or Staup is presently unable to testify at trial and there is no indication that Staup or Zwickey will be diagnosed or treated before trial. (ECF No. 82 at 11–13.) Plaintiff further argues Staup and Zwickey could appear remotely to testify rather than wait for medical treatment. (*Id.*)

As discussed above, the Court agrees that Defendants have not adequately explained the nature of Staup's condition. The same is not true for Zwickey, however. Remote testimony would not be an adequate substitute for a witness who has been medically advised to "avoid stress and activities that may aggravate [his] symptoms." (ECF No. 83 at 5.) Plaintiff's objection that there is no guarantee treatment would conclude before trial is speculative and, at least with respect to Zwickey, misplaced. Defendants propose to replace Zwickey as an expert witness, and so the timeline for any treatment of his condition is irrelevant to evaluating the usefulness of the requested continuance.

Thus, the second factor also weighs in favor of a continuance.

C. Inconvenience to Court and Opposing Party

Defendants argue there will be "minimal" inconvenience to the Court and Plaintiff

because non-expert discovery has closed. (ECF No. 70-1 at 8.) Defendants also emphasize that the continuance is sought only because of unforeseen medical circumstances. (*Id.*) Plaintiff strenuously objects that the continuance would be extremely inconvenient to the Court and to Plaintiff in a variety of ways: it would impair judicial efficiency and the speedy resolution of the case; Defendants are functionally requesting an indefinite stay; Plaintiff's counsel has already made room in their busy trial schedule for this trial and has limited availability early next year, and the expert who replaces Zwickey would unjustly benefit from the prior preparation in this case. (ECF No. 82 at 13–16.)

Given the proximity to trial, Defendants' characterization of the possible inconvenience caused by a continuance as "minimal" is, at best, dubious. Plaintiff's objections to the resulting delay are well taken. However, the Court does not agree that Defendants seek a functionally "indefinite" stay, as they identify a specific timeframe for resetting trial: after January 1, 2027.[1] (ECF No. 70-1 at 9.)

The Court finds Plaintiff's concerns regarding prejudice caused by a continuance are valid considering Adams' death occurred in 2019 and counsel's limited availability next year. As such, the third factor weighs against a continuance. To mitigate, the Court orders the parties to meet and confer to propose a new trial date. The Court cautions that additional requests for delay will not be well received by this Court.

D. <u>Prejudice to Defendants</u>

Defendants argue that Zwickey and Staup's medical conditions materially impair their ability to present an adequate defense at trial. (ECF No. 70-1 at 8–9.) Plaintiff contends that Defendants would not be prejudiced because Staup and Zwickey could appear remotely. (ECF No. 82 at 16.)

As explained above, the Court is not persuaded by the evidence Defendants have presented regarding Staup's condition. However, the Court finds that remote testimony would

---

[1] Plaintiff also objects to the motion for continuance as being "akin to requesting *ex parte* relief." (ECF No. 82 at 15.) Defendants, however, did not request this relief *ex parte*, and the Court provided Plaintiff with an opportunity to oppose the motion. (ECF No. 74.)

not be an adequate substitute for Zwickey who has been advised to "avoid stress and activities that may aggravate [his] symptoms." (ECF No. 83 at 5.) Given the importance of expert testimony on police practices in this case, the Court concludes that failure to continue the trial would prejudice Defendants.

Thus, the fourth factor weighs in favor of a continuance.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Continue Trial is GRANTED. (ECF No. 70.) The September 14, 2026 trial date is VACATED and the parties shall MEET AND CONFER regarding the setting of a new trial date. Within seven days of the aforementioned meeting, the parties shall file a joint proposal for a new trial date.

IT IS SO ORDERED.

DATED: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE